DOWNING v. THE AGRICULTURAL DITCH COMPANY.

1. PLEADING—WATER RIGHTS.
It is not necessary for the plaintiff to state in his complaint how, or of
whom, he acquired his superior right to the use of water. If his
right is paramount, it is immaterial to the defendant when, how or
from whom the same was obtained.

2. SAME.
Where the grievance of which the plaintiff complains is that the de-
fendant has deprived him of the use of water for irrigating his lands,
to which he asserts a right superior to that of the defendant, he
must, in order to obtain relief, show in his pleading that he has
such prior right and that the defendant has unlawfully deprived
him of it.

3. SAME.
The facts which are essential to the existence of rights claimed by the
plaintiff should be concisely set forth in the complaint. Allega-
tions of legal conclusions do not aid a complaint.

4. SAME.
Brevity in pleadings is commendable, but it cannot be allowed at the
sacrifice of a logical and complete statement of the ultimate facts.

*Error to the District Court of Jefferson County.*

IN THE court below a demurrer to the original complaint
was sustained, and the plaintiff filed his amended complaint,
of which the following (omitting the formal parts) is a copy:

" That the said defendant is a corporation duly organized
under the laws of the state of Colorado, and doing business
in the county and state aforesaid; that said company was or-
ganized on or about the first day of April, A. D. 1874; that
the purpose for which said company was organized was and
is to irrigate lands situate in range 69, townships 3 and 4, and
other lands in Jefferson and Arapahoe counties, in the state
of Colorado, and for farming and stock raising; that the cap-
ital stock of said company is $20,000, divided into 200 shares
of $100 each, which said stock was and has been issued; that
the water for said defendant's operations is taken from Vas-
ques Fork or Clear Creek, in the county of Jefferson afore-
said; that the lands owned and occupied by the plaintiff,

hereinafter mentioned, were owned and occupied by said plaintiff in the year A. D. 1869, and long prior to the construction of said ditch of said defendant's and the said plaintiff was then entitled to water for the irrigation of the same from said Vasques Fork, or Clear Creek, and was entitled to have said water conducted through said ditch for the purpose aforesaid, and upon the construction of said ditch said plaintiff procured, as hereinafter stated, from said ditch company, and appropriated, applied and diverted two hundred inches of said water, for the purposes aforesaid, and has never since waived or abandoned said right to have and use the said two hundred inches, but is still entitled to the said amount of water ; that the capacity of the ditch of said defendant is about six thousand inches ; that the average amount of water carried by said defendant in its said ditch during the irrigating season, because of the negligence and bad management of its officers, servants and employees, has not and does not exceed, to wit, three thousand inches ; that the said defendant, during the irrigation season, can legally obtain sufficient water to run said ditch at its full capacity, to wit, at six thousand inches, but has hitherto neglected so to do ; that by the by-laws of said company defendant, no one can obtain water from said ditch except stockholders in said company ; that said plaintiff is a stockholder in said company and has been for about twelve years last past the owner and holder of three shares of said stock which is in the name of said plaintiff upon the books of said company, with no assessments or other indebtedness thereon ; that said plaintiff owns and occupies a large body of land, to wit, five hundred acres of land situate in said county of Jefferson, and within the township and range hereinbefore mentioned, under cultivation and depending on the waters of said ditch, so taken from said Vasques Fork, and capable of being irrigated and supplied by water from said ditch, and for the purpose of securing his said water by means of said ditch for the irrigation of said land, said plaintiff became a stockholder in said company, and with the agreement and understanding with

said defendant that said plaintiff should have sufficient water to irrigate the said land properly during the irrigating season; and said plaintiff is ready and willing, and has always been ready and willing, to pay, and has tendered the said defendant the compensation required for the water, to wit, two hundred inches, needed by said plaintiff to irrigate his said land, and which said defendant could have supplied but for its collusive, unjust and inequitable discrimination in the distribution of said water, and its collusive, fraudulent and improper management of its said business in the premises; that if said defendant, its officers, servants and employees would carry in said ditch a quantity of water equal to its capacity, and would properly and equitably distribute the waters so carried in said ditch, said plaintiff might have sufficient water to irrigate his said lands during the irrigating season; that said plaintiff became a stockholder in said company long prior to numerous stockholders (at present unknown to plaintiff, but who, when discovered, plaintiff prays may be made parties hereto, if necessary), but that said subsequent stockholders claim the right under and by virtue of their said stock, and not because of any prior rights over said plaintiff, to be entitled to take and use the waters of said ditch regardless of the prior rights, appropriation, uses and rights of said plaintiff, and said defendant has heretofore and still does accede to and comply with the demands of said subsequent stockholders, to the great damage of said plaintiff; that said defendant persists in apportioning the waters of said ditch in accordance with the shares of stock held by the several stockholders, and not in accordance with the necessities of the land to be irrigated and the prior rights of the parties interested therein, and that could and otherwise would be irrigated and supplied with water from said ditch; that said plaintiff, for the proper irrigation of his said land, requires at least two hundred inches of water; that said defendant, being able to supply said plaintiff with said two hundred inches, has heretofore refused so to do on request, pretending that other and subsequent stockholders were by reason

of their said stock entitled to take, use and appropriate the waters of said ditch in the proportion of forty inches to each share of stock, and said plaintiff avers that to so apportion said water would more than exceed the capacity of said ditch, and that certain of said stockholders have no lands whatever to be or that could be in any circumstances supplied with water from said ditch for irrigation or any other purpose; that said plaintiff has repeatedly called upon certain of the stockholders as well as upon the trustees of said company defendant, to take such steps as would remedy the grievances complained of herein, but that said stockholders holding a majority of said stock and said trustees have hitherto neglected and refused to do anything whatsoever to remedy the grievances aforesaid; that said defendant has heretofore and at all times collusively and contrary to equity and good conscience discriminated between the parties entitled to water from said ditch, and has hitherto failed, and still fails, neglects and refuses to properly and equitably distribute the waters of said ditch and to supply the necessary quantity to said plaintiff and other prior appropriators, purchasers and users of said waters. And said plaintiff avers that without the intervention of this honorable court he is remediless in the premises and the grievances aforesaid will be continued by said defendant to the irreparable injury and damage of said plaintiff; that said defendant should be restrained by an order of this honorable court from supplying or attempting to supply water to said stockholders apportioned to their stock regardless of the land to be, and which would otherwise be, supplied with water from said ditch, and from supplying the more recent subscribers to said stock, to the damage of the older and prior users and appropriators of the waters of said ditch."

Then follows the prayer for relief by way of injunction.

To this amended complaint the defendant interposed a demurrer on the grounds that the same does not state facts sufficient to constitute a cause of action; that it is uncertain and insufficient in that it fails to state with sufficient partic-

ularity the facts upon which the plaintiff relies for a recovery, and that there is a defect of parties defendant. This demurrer was sustained by the court below and plaintiff brings the case here upon a writ of error.

Mr. L. B. France, for plaintiff in error.

Mr. C. J. Hughes, for defendant in error.

Mr. Justice Campbell delivered the opinion of the court.

The grievance of which the plaintiff complains and which he has attempted to state in his complaint is that the defendant has deprived him of the use of water for irrigating his lands, to which water he asserts a right superior to that possessed by the defendant. In order to entitle him to the relief sought, his pleading must show that he has such prior right and that defendant has unlawfully deprived him of it. The pleader has set forth at considerable length what he claims to be the facts which constitute plaintiff's priority, but he has not done so in accordance with the correct rules of pleading.

There are three different phases in which defendant's alleged priority may be considered. It might be inferred that he claims his priority by virtue of an appropriation made long before the construction of defendant's ditch, which he never surrendered or conveyed to defendant, and which, by some arrangement with the defendant, was to be enjoyed by plaintiff through the defendant's ditch. It may be inferred that the right claimed originated as the result of a contract entered into between the plaintiff and defendant at the time of the construction of the defendant's ditch, whereby the plaintiff surrendered and conveyed to the defendant the prior right theretofore possessed by him, and in lieu thereof defendant agreed to supply him with the 200 inches of water before it supplied its other stockholders. Another inference that might be drawn is that plaintiff claimed his priority over the other stockholders of the defendant company because his

purchase of stock from the defendant company was prior in time to the purchase of stock by the others.

These inferences, however, do not enable us to reach any conclusion as to what the plaintiff's contention is. It may be said that it was unnecessary for plaintiff to state how, or of whom, he acquired his superior right; but that, if his right is paramount, it is immaterial to the defendant when, or how, or from whom the same was obtained. Counsel for the plaintiff, however, evidently assumed that it was proper to do so, as the pleading sufficiently manifests; and when such an attempt is made, it should be properly carried out. Plaintiff should not state his cause of action in terms so uncertain that defendant can only guess which of these three inferences it must select as the one upon which plaintiff relies.

Especially is the defendant entitled to have this uncertainty removed when we consider the ground of the demurrer that there is a defect of parties defendant. As the complaint is now framed, it is impossible to say whether or not this objection is well taken. If plaintiff relies upon a superior right which the law implies merely from his prior purchase of stock, then it may be possible that the plaintiff should make the other stockholders parties to the action, or that the court, of its own motion, would order them to be made defendants, as their rights might be directly affected.

The allegations of negligence and unjust discrimination, and the allegations in relation to the inequitable conduct of the defendant in depriving the plaintiff of the water which he claims, as well as the allegations attempting to set up plaintiff's priority, are too indefinite to call for an answer. The facts which constitute the things which are essential to the existence of the rights claimed by plaintiff should be concisely set forth in the complaint. So far as there is an attempt to state them at all, these essential elements are alleged merely as conclusions of law. The opinions of the three justices in the case of the *Farmers' H. L. C. & R. Co. et al. v. Southworth*, 13 Colo. 111, upon the questions of

pleading determined therein, are authority for holding this complaint bad on demurrer.

Brevity in pleadings is highly commendable and will be encouraged in every legitimate way by this court; but brevity cannot be allowed at the sacrifice of a logical, complete statement of the ultimate facts "in ordinary and concise language without unnecessary repetition." When all these facts are properly pleaded, it will be time to call upon this court for a construction of the so-called prorating irrigating statutes, and for a ruling as to whether there is a defect of parties defendant. The demurrer to the amended complaint was properly sustained, and the judgment of the court below is affirmed.

*Affirmed.*