BORDEN'S CONDENSED MILK CO. v. BORDEN ICE CREAM CO. et al.

(District Court, N. D. Illinois, E. D. March 12, 1912.)

No. 30,496.

TRADE–MARKS AND TRADE–NAMES (§ 95*)—UNFAIR COMPETITION.

    Borden's Condensed Milk Company, as a well-known manufacturer of various milk products, is entitled to a temporary injunction against use of the name of Borden in the manufacture and sale of ice cream and like products, unless purchasers are advised in some unmistakable way that the product is not that company's.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

    Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Bill by Borden's Condensed Milk Company against the Borden Ice Cream Company and others. On motion for a preliminary injunction. Motion granted.

Pringle & Fearing, for complainant.
George W. Brown and Wharton Plummer, for defendants.

KOHLSAAT, Circuit Judge. This cause is now before the court upon motion for a preliminary injunction. The amended bill represents that complainant and its predecessors have been engaged in the milk business in all its phases since the year 1864, having its main office and 11 other offices in Chicago; that it manufactures and sells 17 different milk products under the name Borden, besides 14 products under other fancy names; that it has registered trade-marks used on more of said brands; that the name Borden was taken from the name of Gail Borden, the founder; that it has made great expenditures of money in and about building up its said business, and that the name Borden has become a trade-name of great value in the milk business and its products; that it handles cream, butter, condensed milk, evaporated milk, malted milk, caramels, milk chocolate, buttermilk, casein, and condensed coffee, and sells the same throughout the state of Illi-

nois, much of it to confectioners to be used in making ice cream, and that it has spent large sums in placing said confection product in the market, so that the name Borden, used in connection with milk or cream foods, such as ice cream, would, in the public mind identify such article with that of orator; that under its charter orator has the right to deal in the manufacture and sale of all forms of milk products and all articles incident thereto. The bill further represents that the defendants, Borden, Brown, and Stanley, applied for a license to incorporate on May 25, 1911, under the name "Borden Ice Cream Company," with full notice of complainant's rights in the premises, and were requested by complainant to drop the name Borden; that objection was also made to the Secretary of State; that, notwithstanding, defendant corporation was granted a charter on August 16, 1911, for the purpose of manufacturing and selling ice cream, ices, and similar articles.

The bill further states, on information and belief, that Charles F. Borden was given one share of stock in said corporation, having a face value of $100, being $1/50$ of the amount at which said corporation was stocked, in consideration for this consent to the use of his name in connection with said corporate name; that, therefore, he had never been engaged in the milk business, or any phase thereof, and that the adoption of said name was solely for the purpose of fraudulently appropriating the reputation of complainant's product; and that defendant Lawler subscribed for $47/50$ of said stock, and is believed to be the real owner of said corporation. The bill further sets out that complainant has the right to engage in the manufacture and sale of ice cream and similar articles, and is about to do so, and to use the name Borden in connection therewith; that said articles of manufacture are closely allied to its present manufacture, and that the principal ingredients thereof are identical with its products; that defendant corporation intends to advertise its wares as the Borden product throughout complainant's territory aforesaid, in order to deceive and defraud the public into the belief that said wares are complainant's product, whereby the reputation of complainant's products will be greatly injured, and its business injured; that confusion will inevitably arise, and that customers of complainant will be unable to know that defendant's product is not that of complainant; and that each of said defendants is conspiring with the others to do said illegal acts for their several benefit, to the detriment and injury of orator.

The answer denies all the allegations of fraud, claiming that it has the right to use the name Borden Ice Cream Company, admits that Borden has only one share, and states that said Borden subscribed for said share in good faith, and is now the vice president of the company. It denies that said share was given Borden without other consideration than the use of his name, but admits that he had never before been engaged in the ice cream or kindred business. The answer further states that Harry Lawler. one of the defendants, is the principal owner of the stock of said corporation, having subscribed to $47/50$ thereof, and that he is also the principal stockholder of the W. H. Collins Ice

Cream Company, claiming $40,000 fully paid stock thereof, doing business in Chicago and Cook county, and is, besides, a wholesale and retail dealer in ice in said county.

The answer denies all charges of conspiracy, all claims of intent on defendant's part to appropriate complainant's reputation or good will, and denies that complainant's business will be injured by the use of same name. It further denies that complainant has a property right in the name Borden, in connection with the milk business, any more than defendant Borden has.

From the pleadings and the affidavits filed herein, the court finds that complainant has, through great expense and business sagacity, built up a very large trade in milk and milk products in Chicago and the state of Illinois under the name Borden; that by its charter it is permitted to manufacture ice cream and kindred articles, and is about to do so; that in the milk and kindred trades the name Borden has become inseparably associated with complainant, and that the public so associates it; that defendant is just starting in the ice cream and other business; that the defendants, and each of them, entered into a scheme to appropriate the good will and secure the benefits of the trade-name of complainant, and in pursuance of such scheme secured the connivance of defendant Borden, and now seek to justify their act by the fact that he owns a nominal interest in the corporation. The purpose is naked.

Complainants, upon the record shown, have a valuable property interest in the name Borden in connection with the manufacture and sale of ice cream, and the consummation of defendants' scheme would necessarily result in serious injury to complainant's business and in fraud upon the public.

It is therefore ordered that the preliminary injunction be granted, restraining defendants from the use of the name Borden in the manufacture and sale of ice cream and like articles, without plainly advising purchasers in some unmistakable manner that the product is not that of complainants, until the further order of the court.