HENRY M. H. BOLANDER

*v.*

CHARLES W. PETERSON.

*Filed at Ottawa January 22, 1891.*

1. TRADE-MARK—*in what it may consist—requisites.* No mere sign upon a store or factory, or notice, circular or advertisement, will constitute a trade-mark. It owes its existence to the fact that it is actually affixed to a vendible commodity. A trade name is more properly applied to the good will of a business.

2. A trade-mark must be such as will clearly identity the article to which it is affixed, as that of the person adopting it, and distinguish it from all others. It may consist of words, as well as of symbols, devices, emblems or marks. If it consists of words, only, they must be so clear and well defined as to give notice that the articles to which they are attached are from the factory or store of the person who has adopted the same.

3. A generic name, or one merely descriptive of the article made or sold, or its qualities, ingredients or characteristics, and which may be employed truthfully by other makers or dealers, is not entitled to protection as a trade-mark.

4. And so it has been held, that words designating a trade, indicating that a particular class of goods is dealt in, can not be exclusively appropriated by one as a trade-mark or trade name. Thus, the words "Swedish Snuff Store," or "magazine," can not be protected as a trade name, as others may truthfully use the same in advertising their business.

5. To constitute such a trade-mark or name as will give the first who applies the same the exclusive right to its use, it must not be such as will merely indicate the composition or quality of the article to which it is applied, or to the particular country or district where produced or manufactured.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

Bill by appellant to enjoin appellee from using certain words in imitation of complainant's trade name. The bill alleges that in September, 1886, the complainant, dealer in snuffs at No. 195 East Chicago avenue, in the city of Chicago, adopted the words "Svenska Snusmagasinet" as a trade denomination or designation for his store and business, and that from his store he sold and distributed the Anchor Brand snuffs; that his store was known by that name, and no other; that he commenced the use of that designation for his store in 1886, and has since continued to use the same; that the name employed is in the Swedish language; that he advertised in papers and periodicals, mostly in the Swedish language, and which were read by Swedes, who were the chief consumers of the snuff; that the goods advertised and sold as Svenska Snusmagasinet were unsurpassed in quality and commanded the highest market price, had been advertised to a great extent, and enjoyed an enviable reputation not approached by any other store, and as a result it had acquired a large, extensive and lucrative business; that Svenska Snusmagasinet had obtained such celebrity that the snuff sold from said store under that label commanded a higher price than other snuffs, and were ordered by mail and express from every part of the United States. It is alleged that the words used, being translated into English, mean "Swedish Snuff Magazine," and the complainant claims the exclusive right to use the same as a trade name.

In the summer of 1889, appellee, also a dealer in snuff at No. 39 East Chicago avenue, altered the sign on his store from "C. W. Peterson, Nya Snus Fabrik," to "C. W. Peterson, Svenska Snus Magasin," and advertised his store and business by the name of "Fran Snusmagasinet." The bill alleges that by these means defendant has misled, and is misleading,

the trade, and caused it to be believed that his goods are those of the complainant, whereas they are much inferior in quality, whereby complainant's reputation, and that of his store and goods, is greatly impaired and his business injured. The bill prays that the defendant be enjoined from employing the name "Svenska Snusmagasinet," or "Fran Snusmagasinet," or "Svenska Snus Magasin," or any name similar thereto.

A temporary injunction was granted. Motion was made to dissolve, which was heard on bill, answer and affidavits, and sustained, and the bill dismissed. On appeal to the Appellate Court the decree was affirmed, and complainant brings the case to this court by this further appeal.

Messrs. FREEMAN & WALKER, for the appellant.

Messrs. COOK & UPTON, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The bill in this case does not seek to restrain an infringement of a trade-mark, but the use of imitations of a trade name adopted by appellant. A trade-mark owes its existence to the fact that it is actually affixed to a vendible commodity. (Brown on Trade-Marks, secs. 91, 52, 382, 384.) A trade name is more properly applied to the good will of a business, and no mere sign upon a store or factory, or notice, circular or advertisement, will constitute a trade-mark. Ibid. secs. 91, 521, 536; *Candee et al.* v. *Deere,* 54 Ill. 462; *Ball* v. *Siegel,* 116 id. 137.

Both parties, here, are dealers in snuffs in the city of Chicago. In his labels and advertisements, etc., appellant has adopted as his device the picture of an anchor, across which are the printed words "Trade-mark," and appellee has selected as a device the picture of an eagle, under which are printed the words "Trade-mark." The parties designate their goods, respectively, the "Anchor Brand" and "Eagle Brand." The right of appellant to the exclusive use of the device of an

anchor and the words "Anchor Brand" is not questioned, and no attempt was made to imitate the same. The words which appellant claims to have adopted as a trade name, when translated into English, mean, simply, "The Swedish Snuff Store," or "Snuff Storehouse." They are not words of his invention, and do not seem to have any peculiar signification owing to the order of their arrangement, but, on the contrary, it appears that the words are in common use in the Swedish language. Snuff is an article of commerce, and any person desiring may sell the same; but because he may, by his sign, label and advertisement, designate his place of business as a snuff store, or a Swedish or Scotch or American snuff store, the rights of others to engage in the same business, and to advertise the same kind of storehouse or business, will not be prevented. The words "Swedish Snuff Store" are descriptive of the business there carried on, and may mean that it is conducted by Swedes, or that Swedish snuffs are there sold, or that Swedes are expected to patronize the same, and nothing more. Other persons who may engage, in the same city or elsewhere, in the purchase and sale, or manufacture and sale, of snuffs, may rightfully advertise them, without violating any rights of others who may have preceded them in such business.

A trade-mark must be such as will clearly identify the article to which it is affixed as that of the person adopting it, and distinguish it from that of all others. (Brown on Trade-Marks, sec. 29.) It is true, it may consist of words, as well as of symbols, devices, emblems or marks. If it consists of words, only, they must be so clear and well defined as to give notice that the articles to which they are attached are from the factory or store or dealer who has adopted the same. (*Candee et al.* v. *Deere, supra.*) A generic name, or one merely descriptive of the article made or sold, or its qualities, ingredients or characteristics, and which may be employed truthfully by other makers or dealers, is not entitled to protection as a trade-mark.

In *Canal Co.* v. *Clark,* 13 Wall. 311, it is said: "And it is obvious that the same reasons which forbid the exclusive appropriation of generic names, or of those merely descriptive of the article manufactured, and which can be employed with truth by other manufacturers, apply with equal force to the appropriation of geographical names designating districts or country. Their nature is such that they can not point to the origin or ownership of the article of trade to which they may be applied. They point only at the place of production,—not to the producer; and could they be appropriated exclusively, the appropriation would result in mischievous monopoly. * * * It must, then, be considered as sound doctrine, that no one can apply a name of a district or country to a well known article of commerce, and obtain thereby such an exclusive right to the application as to prevent others inhabiting the district, or dealing in similar articles coming from the district, from using the same designation. It is only when the adoption or imitation of what is claimed to be a trade-mark amounts to a false representation, express or implied, designed or accidental, that there is any title to relief against it." And so it has been held that words designating a trade, indicating that a particular class of goods is dealt in, can not be exclusively appropriated by one as a trade-mark or trade name. Thus, where one had adopted, as the name of his store, the words "Antiquarian Book Store," and another set up a rival place under the name of "Antiquarian Book and Variety Store," it was held that the words "book store" could no more be exclusively appropriated than could the words "drug store" or "hotel;" and if plaintiff's right depended on the word "antiquarian,"—which, in connection, meant no more than that the proprietor dealt in ancient books or books relating to antiquity,—that as the words simply indicated the class of books sold, in the same sense that the words "law book store" or "medical book store" would indicate that law or medical works were there for sale, there could be no exclusive appropriation

of such word. *Choynski* v. *Cohen,* 39 Cal. 501; Brown on Trade-Marks, sec. 161.

If appellant meant by his sign, and the use of the words in his advertisements and labels, to indicate that the snuff sold was made in Sweden and imported to this country, it is shown that his representations were untrue, and he could not have relief in a court of equity to protect himself in the maintenance of his trade by misrepresentation and unfair practices. If by the words "Swedish Snuff Store" or "magasin" is meant simply that snuff is there sold or manufactured by a Swede, or having the same ingredients or properties as snuff made in Sweden, appellee has the same right to use the words truthfully that appellant has to use them. It is true that the use by appellee of the same or similar words in describing his store or business or the articles there sold or manufactured, may have the effect of creating a mistake as to the proprietorship of the particular store; but if they are just as true in application to the goods sold by appellee as they are to the goods of appellant, there is no legal or moral wrong committed. Moreover, as we have before seen, to constitute such a trademark or name as will give the first who applies the same the exclusive right to its use, it must not be such as will merely indicate the composition or quality of the article to which it is applied, or to the particular country or district where produced or manufactured. If a phrase or words in common use are selected which are indicative of the character, nature, kind, quality, virtues or composition of the thing to which they relate, the law will not protect their use as a trade-mark. And the same is true in respect of trade name or designation. No one will be allowed the exclusive use of words which are merely descriptive of the business in which he is engaged. Brown on Trade-Marks, sec. 29.

The judgment of the Appellate Court affirming the decree dismissing the bill is affirmed.

*Judgment affirmed.*