## Elgin Butter Co. v. Elgin Creamery Co. et al.

1. Trade Names—*Names of Places, etc.*—The name of a place can not be appropriated as a trade name by one person to the exclusion of others.

**Memorandum.**—Bill for injunction. Error to the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

FRANK CROSBY and ELBERT H. GARY, attorneys for plaintiff in error.

LYMAN & JACKSON, attorneys for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff was incorporated in 1882, and the defendant above named in 1891, both in this State, and by the name above written.

The only relief which the abstract and plaintiff's briefs show that the plaintiff desires, is, that the defendant be enjoined from doing a butter business under the name of Elgin Creamery Company. Our duty does not require us to look beyond that abstract and those briefs to ascertain the plaintiff's rights. C. P. & St. L. Ry. v. Wolf, 137 Ill. 360; City of Mt. Carmel v. Howell, Ibid. 91.

From that abstract it appears that the only butter factory in the city of Elgin is the plaintiff's, and that in the township, which includes the city, the plaintiff's factory is the only one known by the name of Elgin Creamery.

A township—nothing being shown to the contrary—is, presumably, six miles square. Sec. 6, Ch. 139, Township Organization. The city within it can be no larger..

It is quite consistent with the bill that the defendant corporation may have a butter factory miles nearer to the post office and business center of Elgin than the plaintiff's, notwithstanding the allegation that the defendant corporation has no office in Elgin, unless the pockets of one of the other defendants are to be considered such office, and that its only office is in Chicago. The broad claim of the plaintiff, therefore, is that no other corporation shall, however near its factory to the limits of the township, conduct a butter business, in a corporate name indicating the nature of its business, of which name Elgin shall be a part. In effect the plaintiff claims an exclusive right to the name of Elgin in

connection with the butter business, unless, at least, if used by another corporation, that corporation has its factory actually within the township.

That is too broad a claim.   Without inquiry whether the plaintiff might not be entitled to some kind of relief, having no aid of counsel in such inquiry, we hold that the demurrer to the bill was rightly sustained, upon the principle stated in Candee v. Deere, 54 Ill. 439, and Bolander v. Peterson, 136 Ill. 215, S. C., 35 Ill. App. 551, that the name of a place can not be, by one to the exclusion of others, appropriated as a trade name.

The decree dismissing the bill is affirmed.