IOWA AUTO MARKET, Appellant, v. AUTO MARKET & EXCHANGE et al., Appellees.

WORDS AND PHRASES: "Trade-mark."
1

TRADE-MARKS AND TRADE NAMES: Generic Terms. The term
2 "auto market" may not be exclusively appropriated as a trademark.

**TRADE-MARKS AND TRADE NAMES:  Unfair Competition.  The
3  corporate names "Iowa Auto Market" and "Auto Market and
Exchange" are not so similar that the use of them constitutes un-
fair competition, in the absence of some showing of fraudulent
purpose.**

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 4, 1924.

ACTION in equity, to enjoin defendant from the use of the
words "Auto Market" in its name, as constituting an infringe-
ment of a trade-mark, and unfair competition.  From a judg-
ment dismissing its petition, plaintiff appeals.—*Affirmed.*

*Ed. R. Brown* and *Paul G. James,* for appellant.

*Lappen & Carlson,* for appellees.

VERMILION, J.—The plaintiff and appellant, Iowa Auto
Market, is a corporation, and brings this action in equity to en-
join the defendant and appellee from using the name of Auto
Market & Exchange, the name under which it is incorporated,
or any imitation thereof, or any name in which the name Auto
Market appears as a part.  Relief is asked upon two grounds:
(1) That appellant has filed with the secretary of state, under
the provisions of Section 5049 of the Code, a trade-mark and
trade name, consisting of the words "Auto Market," to be used
in connection with automobiles and accessories; and (2) that
appellant has, under its name, built up a large and extensive
business, and the adoption by appellee of the name Auto Market
& Exchange is calculated to and does deceive purchasers and
customers of appellant, to the diminution of its business and
profits.  The relief asked was denied in the lower court.

The appellant was originally incorporated under the name
Auto Salvage & Exchange, but changed its name to the one it
now bears in 1920.  In October, 1920, it filed with the secretary
of state, under the provision of Section 5049 of the Code, a trade-
mark consisting of the words "Auto Market."  The appellee
was incorporated in December, 1922, under the name Auto

Market & Exchange, by individuals some of whom had theretofore done business under the trade name Northwestern Auto Exchange, and others under the trade name Hawkeye Auto Salvage Company. The appellee corporation is, in effect, a consolidation of these two concerns. The places of business of both the present corporations are in the city of Des Moines, as were also those of their predecessors.

A trade-mark ordinarily is a name, sign, or symbol used to designate the goods manufactured or sold, or the place of business of the manufacturer or dealer in such goods. *Shaver v. Shaver*, 54 Iowa 208. It is not limited, however, to a use in connection with the manufacture or sale of some particular article, but may serve as a protection to other lines of business. *Atlas Assur. Co. v. Atlas Ins. Co.*, 138 Iowa 228.

1. WORDS AND PHRASES: "trade-mark."

A valid trade-mark must, either by itself or by association, point distinctively to the origin or ownership of the article to which it is applied or to the particular business carried on under it. *Lawrence Mfg. Co. v. Tennessee Mfg. Co.*, 138 U. S. 537 (34 L. Ed. 997) ; *Bolander v. Peterson*, 136 Ill. 215 (26 N. E. 603).

Words that are generic, or which in their primary meaning are merely descriptive of the goods or business to which they are applied, or are in common use for that purpose, or which convey facts applicable with equal truth and right to others, cannot be exclusively appropriated as a trade-mark. It has been frequently said that no one can secure a monopoly upon the adjectives of the language. 38 Cyc. 696, 708, 722; *Koehler v. Sanders*, 122 N. Y. 65 (9 L. R. A. 576) ; *Choynski v. Cohen*, 39 Cal. 501; *Clinton Metalic Paint Co. v. New York Metalic Paint Co.*, 23 Misc. Rep. 66 (50 N. Y. Supp. 437) ; *Royal Baking Powder Co. v. Sherrell*, 93 N. Y. 331; *Lawrence Mfg. Co. v. Tennessee Mfg. Co.*, supra; *Bolander v. Peterson*, supra.

2. TRADE-MARKS AND TRADE NAMES: generic terms.

But descriptive terms, or such as others might also truthfully use, may, by long use in connection with the goods or business of a particular dealer, come to be understood in a secondary sense, as designating the goods or business of such dealer, and in such case their deceptive use by another will be restrained, as unfair competition. 38 Cyc. 764, 769; *O. K. Bus & B. Co. v.*

*O. K. Trans. & Stor. Co.*, 63 Okla. 311 (165 Pac. 136, L. R. A. 1918 A. 956, and cases cited in note); *Sartor v. Schaden*, 125 Iowa 696; *Dennison Mfg. Co. v. Thomas Mfg. Co.*, 94 Fed. 651.

The name adopted by a corporation, while it is not a part of its franchise, is, nevertheless, to a certain extent property, and the exclusive right to its use will be protected by the courts; and an injunction will lie to prevent, not only the use by another of the identical name, but the use of a name which, by reason of similarity, will tend to create confusion and enable the later user to obtain the business of the first. *Grand Lodge v. Graham*, 96 Iowa 592.

If the resemblance is such as to mislead purchasers or those doing business with the corporation who are acting with ordinary and reasonable caution, or if it is calculated to deceive the ordinary buyer under ordinary conditions, it is sufficient to entitle the one first adopting the name to relief. *Atlas Assur. Co. v. Atlas Ins. Co.*, supra; *Red Polled Cattle Club v. Red Polled Cattle Club*, 108 Iowa 105.

The words "Auto Market" are merely descriptive of the thing sold and the place where sold. Taken either singly or in combination, they are generic. They are merely descriptive of the business there carried on. They are no more distinctive of the article sold by appellant or its place of business than would be the words "shoe store" or "meat market." They cannot constitute a trade-mark or trade name, the right to the exclusive use of which will be secured to one in preference to others engaged in the same business. *Bolander v. Peterson,* supra; *Choynski v. Cohen,* supra; *Koehler v. Sanders,* supra.

Although the words "Auto Market" do not constitute a valid trade-mark, the question remains whether the corporate name adopted by the appellee is so similar to that of appellant as that its use, under the circumstances disclosed, amounts to unfair competition. This is a question of fact. It appears that, at the time the name of the appellant was changed to its present style, and the words "Auto Market" were registered as a trade-mark, there was a concern engaged in the same business in the same city, known as the Central Auto Market. While it appears that, prior to the adoption by appellant of its present name, there

3. TRADE-MARKS AND TRADE NAMES: unfair competition.

was some confusion between its mail and that of other concerns of similar name, there is no showing that any trouble in that respect has arisen with the appellee since the change, or that anyone has been in fact deceived by any similarity in the names of appellant and appellee. While this need not be shown, if the names are so similar as to be calculated to deceive ordinary customers, under ordinary circumstances, yet the fact that appellant went into the subject and no actual confusion was shown, is of some significance. No intent on the part of appellee to secure any unfair business advantage over appellant by the adoption of the name Auto Market & Exchange appears, nor are any facts shown from which such a fraudulent purpose can be inferred.

The words "Auto Market" are, as has been said, generic, and equally descriptive of the business carried on by both parties; and, unless the manner of their use or the circumstances surrounding their use indicate a fraudulent purpose on the part of appellee to thereby enjoy an unfair advantage and enable it to secure business upon the reputation of the appellant, it had an equal right to use them. The other words as used in combination with these in the two names clearly distinguish them; and we do not think they are so similar as to be calculated to mislead customers, under ordinary circumstances.—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.