INDIAN TERRITORY OIL & GAS CO. v.
INDIAN TERRITORY ILLUMINAT-
ING OIL CO.

No. 1629.

Circuit Court of Appeals, Tenth Circuit.

March 31, 1938.

Rehearing Denied April 27, 1938.

W. H. Kornegay, of Vinita, Okl., for appellant.

Donald Prentice, of Bartlesville, Okl. (W. P. McGinnis and Fred M. Carter, both of Bartlesville, Okl., Samuel H. Riggs, of Tulsa, Okl., W. T. Anglin, of Holdenville, Okl., and R. Y. Stevenson, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

Indian Territory Illuminating Oil Company instituted this action against Indian Territory Oil & Gas Company to restrain the defendant from using its corporate name or any other name sufficiently similar in sound or appearance to the corporate name and trade-names of plaintiff to cause uncertainty or confusion in identity. The court found that plaintiff was incorporated under the laws of New Jersey in 1901; that it has been engaged since that time in the production, manufacture, and sale of crude oil, natural gas, casinghead gas, gasoline, and other petroleum products in Oklahoma, Kansas, Texas, Montana, and New Mexico; that it owns a large number of leases, royalties, mineral rights, and other property; that it has drilled many oil wells and gas wells; that on January 1, 1935, the book value of its assets exceeded $130,000,000; that its daily average gross production of oil during the year 1935 was 33,532 barrels; that on December 31st of that year it owned producing oil leases covering 25,109.12 acres, producing gas leases covering 340,640 acres, producing royalties covering 5,553.86 acres, nonproducing oil and gas leases and mineral rights covering 729,363.68 acres, and nonproducing royalty covering 91,063.77 acres; that it has established a reputation among those engaged in the oil industry and among the general public for business integrity, financial responsibility, and fair dealing which constitutes good will worth far more than $3,000; that it is generally known and referred to in the oil industry and by the public by its corporate name and by the popular names and abbreviations Indian Territory Oil Company, Indian Territory Company, Indian Territory, I. T., and I. T. I. O.; that the oil industry and the general public have associated

such names and abbreviations with plaintiff for a long period of years; that Indian Territory Company, a wholly owned subsidiary of plaintiff, was incorporated under the laws of Delaware in 1928, and qualified to transact business in Oklahoma, Colorado, Kansas, New Mexico, and Texas; that it was dissolved in 1933; that Indian Territory Royalty Company was organized under the laws of Delaware in 1930, and qualified to transact business in Oklahoma, Arkansas, Colorado, Kansas, Mississippi, New Mexico, and Texas; that plaintiff owned a majority of the stock issued by such company; that its name was changed to Foster Minerals Corporation; that the business of Indian Territory Company and Indian Territory Royalty Company was transacted from the offices of plaintiff in Bartlesville, Oklahoma, under the same management and personnel as that of plaintiff, and the public dealt with the three corporations as one entity; that defendant Indian Territory Oil & Gas Company was incorporated under the laws of Oklahoma in July, 1935, and is authorized to engage in the business of producing, refining, transporting, and marketing crude oil, gas, and other petroleum products, and to acquire and hold property of all classes reasonably necessary to conduct such business; that its authorized capital stock consists of 1,000 shares of the par value of $10 each; that at the time of the trial, it had not begun a regular course of business and owned a very small amount of property; that plaintiff demanded that the corporate name of defendant be changed in order to avoid uncertainty and confusion in identity and offered to pay the reasonable cost of making the change; and that the similarity in corporate names had caused and would continue to cause confusion and deception.

A decree was entered enjoining defendant from using the corporate name Indian Territory Oil & Gas Company, or any name containing the words Indian Territory Oil & Gas Company, Indian Territory Company, or Indian Territory, or the letters I. T. or I. T. I. O., or any other words similar in sound or appearance to the corporate name of plaintiff. Defendant appealed.

■ The jurisdiction of the trial court is drawn in question. There is diversity of citizenship, but it is said that the evidence fails to show that plaintiff has suffered damages in excess of $3,000, and from this premise it is argued that the sum requisite to jurisdiction is not in controversy. The test, in determining the amount in controversy in a case of this kind presenting a continuing wrong to an established business growing out of unfair trade practices, is not the immediate pecuniary damages arising from the wrongful acts. It is the value of the business or the right to be protected; and business reputation or good will is an intangible asset to be taken into consideration in ascertaining the extent and value of the business or right. See Bitterman v. Louisville & Nashville R. R. Co., 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171, 12 Ann.Cas. 693; Standard Oil Co. of New Mexico v. Standard Oil Co. of California, 10 Cir., 56 F.2d 973; Del Monte Special Food Co. v. California Packing Corporation, 9 Cir., 34 F.2d 774. In addition to other assets exceeding $100,000,000 in book value, there is substantial evidence in the record that the business reputation and good will of plaintiff has a monetary value of $100,000. The requisite sum is in controversy and the court had jurisdiction.

■ It is contended that the words "Indian Territory" are geographical; that they are not subject to exclusive appropriation; and that after eliminating them there is no similarity between the corporate name or trade-names of plaintiff and the corporate name of defendant. When restricted to their primary meaning, geographical words are not capable of exclusive appropriation; but where they have been used so long and so exclusively by a manufacturer, trader, or distributor in connection with his wares and merchandise that they are generally understood to mean and denote such wares and merchandise, they acquire a secondary meaning apart from their primary meaning; and he may enjoin another from using them if the use causes deceit and injures his business. For many years plaintiff has been generally known and referred to in the oil industry and by the general public by its corporate name and by the names Indian Territory Oil Company, Indian Territory Company, and Indian Territory. Throughout that period such names have been associated with plaintiff and its business. They thus acquired a secondary meaning and were appropriated even though it may be said that two of the words are geographical. Western Auto Supply Co. v. Knox, 10 Cir., 93 F.2d 850.

■ The further contention is that plaintiff cannot prevail because the parties are not competitors. Plaintiff is engaged on a large scale in the production, refinement, and distribution of crude oil and its products. Defendant is engaged on a small scale in the production of crude oil and the sale of it in the pipe line. But the right to enjoin a junior from the perfidious use of the trade name of the senior is not confined to a case of actual market competition in identical products. It extends to a case in which the junior represents its products as those of the senior. A producer or manufacturer has a sufficient economic interest in its trade-name to restrain another from exploiting it in the sale of his products, although the two may not be engaged in the production, sale or distribution of identical products. Western Auto Supply Co. v. Knox, supra.

■■ The fact that plaintiff is a foreign corporation with permissive right to engage in business in Oklahoma, and defendant is a domestic corporation organized under the laws of that state, does not take away the right to restrain infringement upon its corporate name or trade-names. In granting a charter the state does not warrant the name selected or guarantee the unqualified use of it without regard to previous rights of others. Instead, the state merely sanctions the use of the name if it is otherwise lawful. The grant is no license to do that which in other manner would be a tort. It is no warrant to pirate the business of another. A foreign corporation authorized to engage in business in a state before a domestic corporation is organized, may resort to equity to restrain the domestic corporation from using its corporate name in connection with its business where the names are identical or sufficiently similar as to cause confusion, deception, and injury to the business of the foreign corporation. Peck Brothers & Co. v. Peck Bros. Co., 7 Cir., 113 F. 291, 62 L.R.A. 81; United States Light & Heating Co. of Maine v. United States Light & Heating Co. of New York, C.C., 181 F. 182; Standard Oil Co. of New Mexico v. Standard Oil Co. of California, supra.

■ The finding of the court that the similarity between the corporate name and trade-names of plaintiff and the corporate name of defendant has caused confusion, that unless defendant is restrained it will continue, and will result in deception is challenged. Three witnesses with wide experience testified that in view of the extensive activities of plaintiff in the oil industry, the corporate name of defendant would be treated and regarded as meaning plaintiff, and would be associated with the business of plaintiff. Another witness testified that he examined letters from two hundred files selected at random from the offices of plaintiff; that he found twenty-two letters addressed to Indian Territory Oil Company, five to Indian Territory Company, three to I. T. I. Company, seventeen to I. T. I. O. and I. T. I. O. Oil Company, twelve to I. T. I. Oil & Gas Company, the I. T. I. O. Oil & Gas Company, and Indian Territory Illuminating Oil & Gas Company, and two to Indian Territory I. O. Company. And one of the persons who caused defendant to be organized testified that the check from the pipe line company given in payment for the first oil sold by defendant was made payable to Indian Territory Illuminating Oil Company; and that it was returned for correction. The finding is supported by substantial evidence, and we are unable to say as a matter of law that the names are not so confusingly similar as to bring about deception.

Failing to find error in the record, the decree is affirmed.