## CARSOLITE CORP.
v.
## CARSELLO CHEMICAL PROD-
UCTS CO., Inc. et al.
### No. 52 C 696.

United States District Court
N. D. Illinois.
Nov. 12, 1953.

Ratner, Miller & Levenson, Chicago, Ill., for plaintiff.

Barney L. Hollowick, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

The plaintiff, on July 2, 1952, filed a motion for a preliminary hearing under Rule 12(d), Fed.Rules Civ.Proc. 28 U.S. C.A. to determine the defense of want of jurisdictional amount asserted in paragraphs 2 and 3 of the defendants' answer, an adverse determination of which would defeat the action.

The complaint asserts a cause of action for unfair competition, appropriation of the good will and name of the plaintiff by the defendants, and the plaintiff states that since 1946 it has done a substantial business and that its

good will is of great value. The complaint further alleges that the sum of $85,000 has been spent in advertising the name of Carsello Chemical Products and that the defendants have willfully appropriated to themselves the plaintiff's reputation, good will and the benefits accruing from the publicity, and alleges that its good will will be irreparably injured by the defendants' action.

Paragraphs 2 and 3 of the defendants' answer are as follows:

"Defendants deny that this matter involves the sum of Three Thousand ($3,000.00) Dollars, or any amount approximating said sum.

"Defendants deny that this Court has jurisdiction of this matter for the reason that there is not involved in this suit the sum of $3,000.00 or the amount necessary to invoke the jurisdiction of this Court."

The answer goes on to aver that the defendant company has not transacted any business, that it has no place of business, that the capital has not been paid in, and that the company has not started to do any business and does not contemplate doing so. Rule 12(d) of the Rules of Civil Procedure provides as follows:

"The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

Subsections (1) and (2) cover lack of jurisdiction over the subject matter and over the person.

 The rule has been repeatedly announced in the Federal Courts that the jurisdictional amount in suits of this kind is to be determined by the value of the right or business sought to be protected, and not the damages. The rule is thus stated in Cyclopedia of Federal Procedure, Sec. 156:

"Suits to prevent trade name infringement and unfair competition usually turn, as to jurisdictional amount, upon the value of the business or right to be protected, not merely on loss or damage to date."

See also Hanson v. Triangle Publications, Inc., 163 F.2d 74, and Indian Territory Oil & Gas Co. v. Indian Territory Illuminating Oil Co., 10 Cir., 95 F.2d 711.

The motion of the plaintiff for a preliminary hearing on the issues of defense relative to jurisdictional amount raised by paragraphs 2 and 3 of the answer is allowed. This cause will be placed on the Court's list of cases awaiting trial.