**E. A. CARPENTER, Plaintiff,**

v.

**The BORDEN COMPANY, Defendant.**

**Civ. A. 2–547.**

United States District Court
S. D. Iowa, Central Division.

Aug. 10, 1956.

Bray, Carson & McCoy, Oskaloosa, Iowa, for plaintiff.

Lowell & Stephenson, Des Moines, Iowa, for defendant.

WHITTAKER, *Circuit Judge.*

This cause has been submitted to the Court for decision upon the pleadings, answers to interrogatories and exhibits attached thereto, exhibits received at pretrial conference January 17, 1956, and upon a stipulation of facts ·signed by the parties and filed herein on January 17, 1956, and further upon the written briefs and arguments of counsel, all of which have now been carefully considered.

This action, one in equity, was commenced in the District Court of Polk County, Iowa, and was timely removed to this Court by defendant on the grounds of diversity and requisite jurisdictional amount. By his complaint, the plaintiff, a citizen of Marion County, Iowa, and the operator of a drug store in the town of Pella in that county, alleges that he obtained from the State of Iowa a trademark, No. 4822 (the evidence shows he obtained the mark in 1939) "for the use of the name 'Dutch Chocolate Ice Cream'" and has ever since been the owner of that mark, advertising it, by signs on the front of his drug store, by posters, and by some newspaper advertising, in connection with Dutch choco-

late-flavored ice cream made by him at Pella in Marion County, Iowa; that defendant, a citizen of New Jersey, has advertised for sale, through television, radio, newspaper and other means in the State of Iowa and has sold "as a product of The Borden Company ice cream designated as 'Dutch Chocolate Ice Cream,' and that said defendant continues to advertise and sell ice cream designated as 'Dutch Chocolate Ice Cream' in the State of Iowa in violation of the rights of the plaintiff under said trade-mark"; that by reason thereof plaintiff has been damaged, to the present, in the amount of $25,000 and will continue to be further damaged unless defendant be enjoined from the stated conduct, and plaintiff prays damages in the amount of $25,000 and an injunction accordingly.

By its answer, defendant admits plaintiff obtained from the State of Iowa a certificate of registration for the questioned mark in the year 1939 and that he made, advertised and sold ice cream designated as "Dutch Chocolate Ice Cream," as alleged, but it asserts that Dutch chocolate is a commercial product manufactured in Holland and commercially available in the United States and commonly used by ice cream manufacturers in the making of "Dutch Chocolate Ice Cream," and that the words "Dutch Chocolate Ice Cream" are generic and in the common domain, are descriptive of the goods, and are not descriptive of source or origin of any particular manufacturer and, hence, are not subject to exclusive appropriation by any citizen and, in consequence, the Iowa trade-mark issued to plaintiff in 1939 for the words "Dutch Chocolate Ice Cream" is void.

As observed, there is no claim in the complaint, and no evidence in the record, of unfair competition. In fact, it is stipulated that there has been no confusion of goods—and that both plaintiff and defendant have sold their "Dutch Chocolate Ice Cream" under their own respective names.

It is stipulated in numbered paragraph 9 of the stipulation of facts as follows:

"9. The words 'Dutch chocolate' identify or describe the flavor of the ice cream here involved and manufactured and sold by plaintiff and defendant."

It is the law that registration of a distinctive scroll or word or name as a trade-mark does not result in conclusive legal monopoly of its use, but registration gives only presumptive validity to the monopoly, and when a trade-mark is questioned its validity must be established by the person claiming it, who has the burden of proof on that score. It has long been recognized that a registered trade-mark is not valid when the words of the mark are merely descriptive of the product, or of its ingredients, qualities or characteristics. Moreover, to be valid, trade-marks must identify source or origin of the goods upon which the mark is used. Iowa Auto Market v. Auto Market & Exchange, 197 Iowa 420, 197 N.W. 321; Beneficial Industrial Loan Corp. v. Kline, 8 Cir., 132 F.2d 520; National Nu Grape Company v. Guest, 10 Cir., 164 F.2d 874.

Here, it is shown, Dutch chocolate is a commercial product made in Holland and is commonly imported to, and for sale in, the United States and widely used in the making of ice cream. The product cannot be identified by use of other words, but only by calling it what it is, namely, "Dutch chocolate." The words are therefore as much generic as the words vanilla, strawberry, lemon and the like. When the product, Dutch chocolate, is used, as it is, by several makers of ice cream and the product is called "Dutch Chocolate Ice Cream," the words no more identify the product of one than the other. Hence, the words do not, and cannot, identify source or origin of goods but are merely descriptive of the product and consequently they are generic and not subject to exclusive appropriation and use by anyone but are in the public domain and any mark which attempts the contrary is simply void. That is the situation here. Plaintiff's Iowa registration of the mark "Dutch Chocolate Ice Cream" is not legally enforcible

as a trade-mark nor as a monopoly of those words.

Upon the basis of the foregoing I make the following,

### Findings of Fact

1. There is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $3,000.

2. That Dutch chocolate is a commercial product made in Holland and is widely used in the United States, as a coloring and flavoring, in the making of ice cream, and the product can only be identified by calling it what it is, namely, Dutch chocolate.

3. That plaintiff's registration in Iowa in 1939 of the name "Dutch Chocolate Ice Cream" embodies generic terms in the public domain and not identifying any source or origin of goods.

4. That the commercial product, manufactured in Holland, known as "Dutch chocolate" is, and is used both by plaintiff and defendant as, a flavoring for the ice creams manufactured by them respectively.

Upon the basis of the foregoing findings I make the following,

### Conclusion of Law

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. Plaintiff's Iowa registration of the name "Dutch Chocolate Ice Cream," as a trade-mark, is invalid and does not give to plaintiff the exclusive use or a monopoly of those words or that name but they are in the public domain and may lawfully be used by defendant.

3. That plaintiff has shown no right to damages or to an injunction.

Upon the basis of the foregoing findings and conclusions I enter the following,

### Judgment

It Is Therefore Ordered, Adjudged and Decreed by the Court that the issues herein be, and they are hereby, decided against the plaintiff and in favor of the defendant, and that plaintiff take nothing herein as damages and that the injunction prayed by plaintiff be, and it is hereby, denied and that the defendant have and recover from the plaintiff the costs of this action.