No. 16,941.

AMERICAN FURNITURE COMPANY, A CORPORATION *v.* AMERICAN FURNITURE COMPANY, A COPARTNERSHIP.
(261 P. [2d] 163)

Decided August 17, 1953.   Rehearing denied September 21, 1953.

Mr. THOMAS M. BURGESS, Mr. KENNETH W. GEDDES, Mr. CHARLES ROSENBAUM, Mr. SAMUEL M. GOLDBERG, for plaintiff in error.

Mr. BEN WENDELKEN, Mr. WILLIAM H. BURNETT, Mr. BEN SLOSKY, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFF in error, American Furniture Company, a corporation, was defendant below, and defendants in error, a partnership composed of a father and four sons, members of the Slosky family, and doing business as "The American Furniture Company" in Colorado Springs, Colorado, were plaintiffs below. We will hereinafter refer to them as plaintiffs and defendant as they appeared in the trial court. Plaintiffs were awarded an injunction restraining defendant from using the name "American Furniture Company" or "American Furniture Company of Denver" in connection with its business in Colorado Springs, Colorado. The latter is here by writ of error to review the judgment and decree granting the injunction.

The complaint alleged that plaintiffs and their predecessors in interest have carried on a retail furniture business in the City of Colorado Springs under the name "American Furniture Company" continuously for more than twenty-five years with the exception of a period of five years between 1941 and 1946 when the business was conducted under the name of the American-

Standard Furniture Company; that plaintiffs have advertised their business under said trade name and have developed a substantial good-will in the City of Colorado Springs under said trade name; that they have adopted and advertised in the community the trade motto, "Shop at the American," which has come to be understood by the people of the community as referring to plaintiffs; that in June, 1948 the defendant corporation, whose principal office and place of business is Denver, Colorado, established a branch retail store in Colorado Springs and has been and is now using the plaintiffs' identical name of "American Furniture Company"; that the establishment of said store in Colorado Springs by the defendant has resulted in confusion and mistakes; that the plaintiffs, by the long use of the trade name "American Furniture Company" in Colorado Springs and their extensive advertising under such name, have acquired a proprietary interest in said name in the City of Colorado Springs, and the use of the name by the defendant inflicts a continued and repeated injury and damage upon plaintiffs.

The defendant by answer denied the material allegations of the complaint except that it admitted that prior to June, 1948 defendant had not maintained a store or place of business in the City of Colorado Springs or its environs and would continue to use the trade name, American Furniture Company, in Colorado Springs unless enjoined.

From the record it appears that in November, 1924, J. Slosky and another, established a retail new and second-hand furniture business in Colorado Springs under the name "The American Furniture Company." On the same date individuals filed a partnership affidavit in El Paso County under the name "The Peoples Furniture Company." In January, 1935 J. Slosky and I. Slosky filed an affidavit as partners under the name "American Furniture Co." On the same day the same parties filed a partnership affidavit under the name "Standard Furni-

ture Co." for the sale of new and used furniture. Later in October, 1935 the same parties with the addition of Sam Slosky filed a partnership affidavit under the name "American Furniture Company" stating the purpose to be the retail sale of new and used furniture. In February, 1941 Jake Slosky, Sam Slosky and Israel Slosky filed a partnership affidavit under the name "American Standard Furniture Company." At or about that time both "Standard Furniture Company" and "American Furniture Company," which the parties had operated in separate establishments on South Tejon Street in Colorado Springs, were consolidated at 302 South Tejon Street, this address being the location at which the parties had conducted their business as "Standard Furniture Company." In March, 1942 Jake Slosky, together with his four sons, filed a partnership affidavit under the name of "American and Standard Furniture Co." The business continued to be conducted under that name or as "American Standard Furniture Co." until April, 1946 when the business was moved to 115 South Tejon Street and thereafter was conducted as "American Furniture Company."

The defendant is a Colorado corporation organized in 1900 under the corporate name of "American Furniture Company" with its principal office and place of business in the City and County of Denver, and from that time until the present has conducted its business in Denver and elsewhere as "American Furniture Company." When the corporation in the instant case complied with the corporation laws of Colorado, it became entitled to do business within this state and in the entire state. The fact that it selected Denver, Colorado, as its main office did not confine its business to that city, nor circumscribe its powers. In June of 1948, after negotiations which continued for over a year, the defendant corporation opened a branch retail store in Colorado Springs under the name "American Furniture Co. of Denver," and has so operated from that time. The record discloses that for

many years prior to 1948 defendant corporation did an extensive business in Colorado Springs and sold furniture from its Denver store to people resident in the Colorado Springs trade area, making deliveries thereof from its Denver store without additional charge to the customer.

The record discloses that during these years the corporation carried large display advertisements in the Denver Post, the Rocky Mountain News and other papers having wide circulation in the Colorado Springs area and used full page advertisements to advise the public of its trade name and business. The plaintiffs, with rare exceptions, confined their advertising to classified or small ads, using therein the several trade names they from time to time adopted.

The record further discloses that after the establishment of defendant company's branch store that some confusion resulted from the similarity of names, such as plaintiffs receiving mail, telephone calls belonging to defendant, and defendant receiving mail and telephone calls intended for plaintiffs, and which appears from the testimony of witnesses to have been due chiefly to mail and other articles intended for delivery to one or the other of the parties being improperly addressed or directed.

It is shown that when the president of defendant corporation had his attention called to the fact that there was another furniture establishment in Colorado Springs operating under the name "American Furniture Co." and after consulting counsel, he caused the words "of Denver" to be added to the correct corporate title "American Furniture Company"; and thereafter in all activities of the defendant in the conduct of its business in Colorado Springs, such as stationery, forms, letters, self-addressed envelopes and advertising, the name of the company was distinguished by the words "of Denver" in equal prominence with the corporate name. A large neon sign was erected on the front of the building

bearing the title "American Furniture Company of Denver," and a horizontal sign erected across the front of the building bore the same identification.

It is further shown by the record that for many years the defendant carried on a substantial business in and about Colorado Springs. Between 1940 and 1948 such sales aggregated $140,717.72.

The trial court found that plaintiff partnership used the name "American Furniture Company" together with "Standard" and "Peoples" at various time between 1924 and 1941. From February, 1941 to April, 1946 it used the name "American and Standard Furniture Company" and during that period did not use the name "American Furniture Company"; that defendant and its predecessors had continuously used the trade name, American Furniture Company, since 1898; that defendant advertised extensively in the Denver Post, Rocky Mountain News and other newspapers published in Denver, and that such newspapers have a large circulation in Colorado Springs and throughout the State; that defendant had customers in Colorado Springs who made purchases from its Denver store during the period from 1940 through 1947; that there was and is no intention on the part of defendant to deceive or mislead the public by the use of such trade name or to profit from the good-will or advertising of the plaintiffs or to infringe upon the trade name of the plaintiffs.

The court further found that some confusion existed in placing telephone calls for merchandise or service; in making inquiries for merchandise advertised; in mail, express and other deliveries as shown by the evidence, and concluded that defendant should be enjoined from using the name "American Furniture Company" in Colorado Springs.

The rule governing trade name cases, such as that presented in the record before us, is clearly stated in *McGraw Hill Publishing Company, Inc. v. American Aviation Associates, Inc.*, 117 Fed. 2d, 293 at page 296.

"Unfair competition in the trade name field is not concerned with intent or plan; it is enough if the acts of the defendant in the light of the plaintiff's reputation result in an unfair benefit to the former. To constitute unfair competition in respect to a trade name, two elements must be present. The name must have acquired a secondary meaning or significance that identifies the plaintiff; the defendant must have unfairly used the name or a simulation of it against the plaintiff."

Where, as here, there is a similarity of trade names, the question to be determined is whether the trade is being unfairly diverted and whether the public is being deceived in purchasing from one merchant believing it is patronizing another. That no merchant should be permitted to sell his goods and represent them as those of another or to profit unfairly from the good-will established by his business rival is clear. In the case at bar the first element of the rule above stated when applied to the facts in this case lacks support in the record. Although the plaintiffs used the business name "American Furniture Company" as well as other names in the conduct of their several establishments, it apparently was not considered by them as a valuable asset, since from 1941 to 1946 it was discarded for the combination name of "American and Standard Furniture Company" and was resumed again almost coincidently with defendant's establishment of its retail store in Colorado Springs. Under such circumstances the association of that trade name in the minds of the people of Colorado Springs with the plaintiffs' establishment could not in the short period of time it had to incubate, that is, from April, 1946 to June, 1948, have matured into a secondary meaning; so that when "American Furniture Company" was mentioned the plaintiffs' establishment was immediately mirrored in the mind's eye of the people of that city. We conclude that the first element of the rule to support injunctive relief is lacking.

The second element of the rule, "that defendant must

have unfairly used the name or a simulation of it against the plaintiff," finds even less support in the record. It is shown that the defendant has conducted its business under the name American Furniture Company, and no other, for more than half a century; that although its principal office and place of business is located in Denver, it has by no means confined its activities to that location but has, as shown by the record, projected its sales, reputation and influence to all parts of the state and beyond; that in establishing its branch store in Colorado Springs under its regular corporate name, there was no intent to deceive or mislead the public, or to benefit any good-will which plaintiffs may have established by their advertising or business practices.

No damage has been suffered by plaintiffs, quite the contrary, for the record shows that their business has substantially increased and expanded since defendant established its branch and carried on its advertising campaign in the local newspapers. There is nothing in the record to indicate that plaintiffs will suffer damages in the future, other than the inconvenience of forwarding mail or other deliveries of merchandise from time to time which will be common to both parties. We conclude that the second element necessary to support the injunction is wholly lacking in the record.

The case being governed by the equitable principles discussed above, it would serve no useful purpose to review the many authorities cited by counsel for the parties, or to consider other points raised as grounds for reversal. We think the court erred in applying the equitable principles above discussed to the facts disclosed by this record.

The judgment of the trial court is reversed and the cause remanded with directions to dissolve the injunction and dismiss the action.