No. 18,491.

RADIO STATION KTLN, INC., ET AL *v.*
IRVA M. STEFFEN, ETC.
(346 P. [2d] 307)

Decided November 9, 1959. Rehearing denied November 30, 1959.

Messrs. SHAFER & NEWCOMB, for plaintiffs in error Radio Station KTLN, Inc., and Shirley Wray.

Mr. WAYNE D. WILLIAMS, for plaintiff in error John L. Buchanan.

Mr. ALBERT L. VOGL, Mr. FRANK C. LOWE, Mr. WILLIAM F. REYNARD, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

DEFENDANT in error, who was plaintiff below, recovered judgment in May of 1957 against plaintiffs in error for $13,300.00. This judgment also enjoined the corporate defendant from using the name "Kaytee Ellen," and further included a body judgment against defendants Buchanan and Wray ordering commitment in the County Jail for thirty days if the judgment be not paid.

The basic issue in this case concerns the ownership of the name "Kaytee Ellen." From 1950 to 1954 Mrs. Steffen was the principal performer on a radio program broadcast over Radio Station KTLN in Denver, Colorado. On this program she was identified as KAYTEE ELLEN, and the evidence indicates that during this period she appeared publicly as Kaytee Ellen at functions that were separate and distinct from the operation of radio station KTLN. There is a sharp conflict in the testimony as to who thought up the phonetic name

Kaytee Ellen, each party claiming that he or she had proposed it. However, that is immaterial because it was conclusively shown that the radio station had incorporated and used the exclusive name KTLN long before the program in question was started.

In 1954 the station discharged Mrs. Steffen and hired defendant Shirley Wray, who continued to broadcast under the name of Kaytee Ellen. Mrs. Steffen alleges that she not only conceived the name Kaytee Ellen to use on the program but that it had become her professional and trade name; further that the act of defendants in wilfully and maliciously appropriating it entitles her to the relief granted.

The trial court found that plaintiff is the owner of the name "Kaytee Ellen" and that the defendants have no right, title and interest in and to said name. Defendants contend that the name, being the phonetic spelling of the station's call letters KTLN, belongs to the station.

■ In the determination of property interests in trade-marks or names, we are guided by concepts that have been developed to protect the owner of a trademark or name and the public at large from unfair competition, confusion in the public's mind and false or misleading claims. Courts have been diligent in protecting these property interests, and have gone far to widen the scope of equitable relief. See *Colorado National Company v. Colorado National Bank of Denver* (1934) 95 Colo. 386, 36 P. (2d) 454.

■ It is clear that if the plaintiff or any individual had attempted, in 1950, before being hired by KTLN, to broadcast over any other radio station in the Denver area using the name "Kaytee Ellen," that radio station KTLN would most certainly have been entitled to an order enjoining such a use as an illegal infringement upon the trade name of the station and as unfair competition. See *Bamberger Broadcasting Service v. Orloff* (1942) 44 F. Supp. 904, and *Thomas Patrick, Inc. v. KWK Inv. Co.* (1947) 357 Mo. 100, 206 S.W. (2d) 359. We do

not see how employment by the station and then her claimed right after discharge to use the name elsewhere changes the principle involved.

Illustrative of the well reasoned decisions allowing such injunctions to issue is *Esso, Inc. v. Standard Oil Co.* (8th Cir. 1938) 98 F. (2d) 1 at 5, in which the court, in holding that the Standard Oil Company (Indiana) was entitled to an injunction prohibiting Esso, Inc. from using the letters "Esso," reasoned as follows:

"It is urged that the word 'Esso' is not so similar to the trade-marks 'Standard Oil,' 'S O,' and 'S O C O' as to be confusing. It is the accepted rule that similarity of sound, as well as appearance, of the words or letters may constitute infringement (citing cases). 'Esso,' when pronounced, is indistinguishable from 'S O.' The initials of the Standard Oil Company are the source from which these marks and brands were derived, and we surmise the value of the brand 'Esso' lies in the fact that it suggests 'Standard Oil.' "

This reasoning is equally applicable to the instant case. Radio Station KTLN having developed a vested and valuable property interest in its tradename, the sound of the initials being of special import to a business in which the chief contact with the public is aural rather than visual, plaintiff cannot be held to have established a separate and severable property interest in a tradename that, when spoken, is indistinguishable from the call letters KTLN.

In addition to its name as spoken, the radio station also has other noninfringeable rights in its tradename. For example, its right to the use of this name cannot be held to have been divested simply because of a variation in spelling used or claimed by another after its rights became fixed. Whether spelled "Kaytee Ellen," "Katie Ellen," "K.T. Ellen" or "KTLN," this trade-name belonged to the radio station, and there it remained when Mrs. Steffen's employment was terminated. This is so because no one has the right to repre-

sent his goods or services as those of another, and uses *which may* reasonably be held to confuse the public as to responsibility of ownership, are enjoined as a fraud. See *Esso, Inc.* supra.

In view of our holding it is not necessary to determine other questions presented, such as estoppel, damages, malice, and as to whether Mrs. Steffen was an employee as contended by the radio station or an independent contractor as she asserts.

The judgment is reversed and the cause remanded to the trial court with directions to enter judgment for the defendants.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.