No. 19,239.

J. H. SWART, ETC., ET AL. *v.* MID-CONTINENT REFRIGERATOR COMPANY.
(360 P. [2d] 440)

Decided March 13, 1961. Rehearing denied April 3, 1961.

Messrs. KNOWLES AND SHAW, Mr. CLAYTON D. KNOWLES, Mr. RODNEY O. McWHINNEY, for plaintiffs in error.

Messrs. ROSENBAUM, GOLDBERG, ROSENBAUM & MILLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiffs in error by name except with relation to matters which affect them equally, in which case they will be referred to as the partnership. Defendant in error will be referred to as Mid-Continent.

The action was brought by Mid-Continent against Swart and Olieslagers to secure damages allegedly resulting from conduct of the partnership which was claimed to amount to "unfair competition," and to secure a permanent injunction against the continuance of the business practices of the partnership to which objection was made by Mid-Continent. It was stipulated that the trial should go forward on the issues involving the injunction, and that resolution of the claim for damages be reserved for future action by the court.

Swart and Olieslagers were formerly employees of Mid-Continent. Upon termination of that employment they entered the same field of business as that of Mid-Continent, and adopted the trade name "Mid-Commercial Refrigeration Co." The court heard the evidence pertinent to the matters tried and granted that portion of the prayer of the complaint which sought an injunction against the use by the partnership of the trade name "Mid-Commercial Refrigeration Co." The partnership is here by writ of error seeking to have the injunction dissolved.

The trial court entered lengthy findings of fact as a part of its decree, from which we quote the following:

"That during the past 13 years the plaintiff has spent a large amount of money (over $50,000.00 in the past three years) in advertising and popularizing its products and trade name and its slogan, and through its trade name it has developed and acquired a goodwill asset of great value associated with plaintiff; that said trade name has acquired a secondary meaning; that such efforts and expenditures have promoted a conscious connection in the minds of the public with the particular products of the plaintiff and that the words 'Mid-Continent Refrigerator Co.' have for many years identified the product of the plaintiff.

\* \* \*

"That between January 1954 and September 1957 the defendant Swart adopted and used the name 'Mid-Commercial Refrigeration Company,' to solicit business while still an employee of the plaintiff, all unknown to the plaintiff and that as soon as plaintiff discovered said fact in September 1957, it terminated Swart's employment.

\* \* \*

"That the plaintiff has received inquiries concerning delivery of freight; that the plaintiff has received letters, bills, telephone calls and telegrams from customers and suppliers, making inquiry concerning orders, and mak-

ing complaints concerning orders placed with and by the defendants d/b/a Mid-Commercial Refrigeration Co.; that said telegrams were delivered to the plaintiff by Western Union Telefax in error attributable to confusion; that said letters were delivered to plaintiff by employees of the Post Office because of confusion of name; that some of the telephone calls and letters were addressed to the plaintiff and some to the defendants; that said letters and calls were from customers who were under the impression they were doing business with the plaintiff because of similarity of name and confusion in the mind of the customer.

"That the name 'Mid-Commercial Refrigeration Co.' is so nearly identical with and similar to the name of the plaintiff, and is so suggestive of the business of the plaintiff, that the defendants' use and employment thereof is and constitutes an infringement upon the goodwill and trade name of the plaintiff, and that the public is being mislead (sic) and deceived thereby."

Although it appears that the trial of the case consumed three days no reporters' transcript of the evidence is made a part of the record. It is the position of the partnership that the injunction granted by the trial court must be set aside for the reason that under the facts found by the trial court no injunction against the continued use by the partnership of the name Mid-Commercial Refrigeration Co. could be granted as a matter of law. It is argued that from the two names involved in this controversy, to-wit: "Mid-Continent Refrigerator Company" and "Mid-Commercial Refrigeration Co.," we must conclude as a matter of law that the use of the latter by the partnership could not result in unfair competition. It is asserted that the two names are not so similar as to give rise to a claim for relief, even though much confusion arises in the mind of the public as to the identity of the organization with which it is dealing.

We are not impressed with this argument. The findings of the trial court clearly indicate that the use

of the name "Mid-Commercial Refrigeration Co." by the partnership created a great deal of confusion in the minds of the customers of Mid-Continent. It may be true that trade names of competitors in business may be so dissimilar as to preclude finding as a matter of law that confusion in the mind of a customer concerning the identity of the person with whom he was dealing was likely to follow from use of a particular name. This is not such a case. The obvious purpose of Swart and Olieslagers in adopting the trade name "Mid-Commercial Refrigeration Co." was to benefit from the goodwill established by Mid-Continent. Under the circumstances set forth in the detailed findings of fact which we must assume are fully supported by the evidence, no other conclusion is possible.

As applied to the facts determined by the trial court we think the following language from *Grant v. California Bench Co.*, 76 Cal. App. (2d) 706, 173 Pac. (2d) 817, is applicable:

"Unfair competition is a question of fact and no inflexible rule can be stated as to what conduct will constitute unfair competition. The universal test is whether the public is likely to be deceived."

To the same effect are: *Boice, et al. v. Stevenson, et al.*, 66 Ariz. 308, 187 P. (2d) 648; *Olympia Brewing Co. v. Northwest Brewing Co.*, 178 Wash. 533, 35 P. (2d) 104; *Rader v. Derby*, 120 Ind. App. 202, 89 N.E. (2d) 724.

" * * * To constitute unfair competition in respect to a trade name two elements must be present. The name must have acquired a secondary meaning or significance that identifies the plaintiff; the defendant must have unfairly used the name or a simulation of it against the plaintiff." *McGraw Hill Publishing Company, Inc. v. American Aviation Associates, Inc.*, 117 Fed. (2d) 293.

See also *American Furniture Co., a Corporation v. American Furniture Co., a Copartnership*, 128 Colo. 160, 251 P. (2d) 163.

In *Radio Station KTLN, Inc. v. Steffen,* 140 Colo. 596, 346 P. (2d) 307, it is said:

"In the determination of property interests in trade-marks or names, we are guided by concepts that have been developed to protect the owner of a trade-mark or name and the public at large from unfair competition, confusion in the public's mind and false or misleading claims. Courts have been diligent in protecting these property interests, and have gone far to widen the scope of equitable relief."

The court did not err in the instant case in granting the injunction, and the judgment accordingly is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.