DREXEL ENTERPRISES, INC., a corporation, Appellant,

v.

J. R. RICHARDSON and M. E. Deruy, partners doing business as Heritage House, Appellees.

No. 6927.

United States Court of Appeals
Tenth Circuit.

Nov. 21, 1962.

Lewis, Circuit Judge, dissenting in part.

Alfred T. Lee, New York City (Gilbert H. Weil, New York City, and Paul L. Wilbert, Pittsburg, Kan., on the brief), for appellant.

Perry L. Owsley, Pittsburg, Kan., and Douglas Hudson, Ft. Scott, Kan. (Howard Hudson and Douglas G. Hudson, Ft. Scott, Kan., on the brief), for appellees.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant brought this action for unfair competition and trademark infringement. It was tried without a jury, and the court found for appellee on all significant points.

Appellant is a manufacturer of furniture which is sold under the mark "Heritage" throughout the United States by its retail dealers. Its sales total in 1961 was about ten million dollars, and a national advertising program is carried on.

Appellee is a retail furniture store in Pittsburg, Kansas, with annual sales of about fifty thousand dollars and with a trade area having a radius of about thirty-five miles. Appellee does not sell appellant's products but adopted the name "Heritage House" for this retail store in October 1957. The record shows no deceit or fraud by appellee, and no attempt to "palm off" products of others as those of appellant; consequently the only questions here relate to appellant's "trademark."

The appellee at the trial urged that appellant had no trademark; that if it ever had such a mark, it was abandoned; that a secondary meaning was required for the word "Heritage" and none was shown, and there was no infringement anyway.

On the question of whether appellant had a valid trademark in the word "Heritage," the trial court in a conclusion of law stated that the "plaintiff had failed to establish that the trademark 'Heritage' had a long and distinctive use which is entitled to protection." This court has defined a trademark in Reynolds & Reynolds Co. v. Norick, 114 F.2d 278 (10th Cir.), and also in Ph. Schneider Brewing

Co. v. Century Distilling Co., 107 F.2d 699 (10th Cir.), to be "a distinctive mark of authenticity through which the merchandise of a particular producer or manufacturer may be distinguished from that of others," and further that the function of a trademark is to designate, identify, and point out distinctively the origin of the products to which it is attached. There must be a use of a trademark in order to give it validity. This actual use must be under circumstances which show that the user intends to adopt the mark or device as a trademark. The extent or duration of use is of no particular significance other than to the extent that it demonstrates this intention to adopt. The evidence clearly shows that the appellant did make use of the mark "Heritage" on the furniture it manufactured as a distinctive mark to identify the maker and to show the origin of the furniture. This use showed intention to adopt it as a trademark; this was sufficient, and any additional "long" use is not required.

[5] The appellant showed that it owned two federal registrations of the mark "Heritage." A certificate of registration of a trademark is prima facie evidence of the validity of the mark and of the registrant's right to use it as specified in the certificate (15 U.S.C. §§ 1057(b) and 1115(a)). The presumption raised by registration is of course a rebuttable one, National Nu Grape Co. v. Guest, 164 F.2d 874 (10th Cir.), but it was not rebutted in the case at bar.

 Appellee urged in the trial court that if there had been a valid mark, it was abandoned. The evidence shows that the mark when first used in 1939 was the word "Heritage" written in script on a slant. In 1949 pursuant to an agreement with Henredon Furniture Industries, the two commenced the use of the mark "Heritage-Henredon" which continued until 1956. The appellant then resumed the use of the word "Heritage" alone and at this time changed the appearance of its mark and began using the word "Heritage" in block letters written on a straight line. A mere change in form of a mark is not of itself an aban-

donment of the previous form or of a trademark. Nashville Syrup Co. v. Coca Cola Co., 215 F. 527 (6th Cir.). The introduction of the registration constitutes prima facie evidence of continued use as well as ownership. Friedman v. Sealy, Incorporated, 274 F.2d 255 (10th Cir.). Also the combination of the trademark with another name does not of itself constitute abandonment. Lawyers Title Ins. Co. v. Lawyers Title Ins. Corp., 71 App. D.C. 120, 109 F.2d 35, is not contrary for the reason that in the cited case the court found plaintiff there had not maintained a distinctive identification in its separate name for the purpose of trade. There was no registered trademark involved in the Lawyers Title case, nor did defendant conduct any separate business whatever under the name in question or to which such name could apply. Here Heritage continued its separate business during the period when a joint name was used and also continued to use its separate name in some of its activities. The appellee argues that the change in form and the combination with Henredon constituted an abandonment of the trademark. We have held under such circumstances that the burden of proof is on the party asserting abandonment. Friedman v. Sealy, Incorporated, supra. The record shows no facts evidencing an intention to abandon the mark nor any facts from which such intent could be inferred. Such intention is an essential factor in finding an abandonment. Saxlehner v. Eisner & Mendelson Co., 179 U.S. 19, 21 S.Ct. 7, 45 L.Ed. 60.

The appellant put on evidence to show that the word "Heritage" through the promotion and advertising by appellant had obtained a secondary meaning, and there was no contrary evidence introduced.

 From the above consideration we have concluded that the appellant has a valid trademark and the mark was not abandoned by its change in form or otherwise.

 The question then remains whether or not there was an infringe-

ment of the trademark by the adoption and use of the store name "Heritage House" by the appellee. There is no direct evidence in the record on the matter of confusion. The statutory test is whether the use is likely to cause confusion or to deceive as to the origin of the goods. 15 U.S.C. § 1114. The elements of infringement and the standards to be used have been treated at some length by this Court in Avrick v. Rockmont Envelope Co., 155 F.2d 568, (10th Cir.); National Nu Grape Co. v. Guest, supra; Standard Oil Co. v. Standard Oil Co., 252 F.2d 65 (10th Cir.); Friedman v. Sealy, Incorporated, supra, and Beatrice Foods Co. v. Neosho Valley Coop. Creamery Ass'n, 297 F.2d 447 (10th Cir.). In the somewhat earlier case of Ph. Schneider Brewing Co. v. Century Distilling Co., supra, this court said: "The test is whether the similitude in the labels would probably deceive a purchaser who exercises ordinary prudence, not the careless buyer who makes no examination." This court has stated that the standards and tests are generally those set out in the American Law Institute Restatement of Torts, § 729, which are as follows:

"In determining whether the actor's designation is confusingly similar to the other's trade-mark or trade name, the following factors are important:

"(a) the degree of similarity between the designation and the trademark or trade name in

"(i) appearance;

"(ii) pronunciation of the words used;

"(iii) verbal translation of the pictures or designs involved;

"(iv) suggestion;

"(b) the intent of the actor in adopting the designation;

"(c) the relation in use and manner of marketing between the goods or services marketed by the actor and those marketed by the other;

"(d) the degree of care likely to be exercised by purchasers."

This Restatement rule was quoted with approval in Friedman v. Sealy, Incorporated, supra. Paraphrasing Standard Oil Co. v. Standard Oil Co., supra, the test here is whether or not, considering the appearance, pronunciation, and all other standards and tests, the use of the words "Heritage House" by the appellee has the "total effect of creating in the mind of the ordinary purchaser" the idea that the products marketed under that sign are "Heritage" products. If it does create such an idea, there is an infringement. In this consideration of whether or not the names are confusingly similar, it must be borne in mind that this is an instance where the trademark appears on the label attached to furniture on the one hand, and on the other hand, the name complained of is that of a store selling furniture.

The determination of whether or not the two names under consideration in any particular case are confusingly similar is, under ordinary circumstances, a question of fact, and the findings of the trial court will be upheld unless they are clearly erroneous. Beatrice Foods Co. v. Neosho Valley Coop. Creamery Ass'n, supra; Friedman v. Sealy, Incorporated, supra; Standard Oil Co. v. Standard Oil Co., supra; Cleo Syrup Corp. v. Coca-Cola Co., 139 F.2d 416 (8th Cir.), cert. denied 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074. The trial court in this action found that the use by the appellee of the store name "Heritage House" was not likely to cause nor did it cause confusion with the furniture manufactured and distributed by the appellant. These findings by the trial court are amply supported by the evidence, and we cannot say they were clearly erroneous.

Affirmed.

LEWIS, Circuit Judge (concurring in part and dissenting in part).

I am in complete accord with the conclusion reached in the main opinion that appellant, by unrefuted evidence, established a right to the trade name "Herit-

age" and is entitled to protection against infringement. But I cannot agree that a retail furniture store attracting its customers under the name "Heritage House," but not selling "Heritage" furniture, is not abusing the name. To me, it seems not only likely but inevitable that a furniture buyer seeking "Heritage" furniture would be drawn to a furniture store named "Heritage House." Although such a buyer, if cautious, might upon careful examination discover his error, the damage of unfair competition is nevertheless complete. Nor can I see legal significance in the fact that the abuser is a small store in a small town. Appellant not only has a right to protect his trade name against small competition but has a duty to do so before a subjectively innocent but legally guilty competitor expands.

I would reverse.

BREITENSTEIN, Circuit Judge (concurring specially).

The Tenth Circuit is committed to the principle that the issue of confusing similarity in trade-mark and trade name cases presents a question of fact and that the findings of the trier of the facts in regard thereto are binding on appeal unless clearly erroneous.

"Heritage" is a dictionary word in common usage. For the appellant to have a monopoly on its use, the word must have attained a secondary meaning which identifies the products of the appellant. Evidence in this regard is far from satisfactory. Be that as it may, the record contains no direct evidence of confusion and its presence or absence must be inferred. If either inference is reasonable, we may not substitute our views for those of the trial court. In my opinion the record is sufficient to sustain a finding, based on a reasonable inference, that the use of the name "Heritage House" by this small furniture store in a small Kansas town was not likely to, and did not, cause confusion in the trade or in the public mind.