519 P.2d 1212 (1974)
Floyd R. WOOD et al., Plaintiffs-Appellants,
v.
WOOD'S HOMES, INC., a Colorado corporation, Defendant-Appellee.
No. 73-025.
Colorado Court of Appeals, Div. II.
January 29, 1974.
*1213 Holley, Boatright & Villano, David C. Deuben, Wheat Ridge, for plaintiffs-appellants.
Humphrey & Wood, P. C., William R. Humphrey, Denver, for defendant-appellee.
Selected for Official Publication.
*1214 SILVERSTEIN, Chief Judge.
Plaintiffs-appellants, Floyd R. Wood, John D. Wood, Jr., and Wood Bros. Homes, Inc., brought this action against defendant-appellee, Wood's Homes, Inc., to obtain a permanent injunction restraining defendant from doing business under the name of "Wood's Homes, Inc." on the ground that defendant's name was deceptively similar to "Wood Bros. Homes, Inc." and that the use thereof constituted unfair competition. Plaintiffs appeal from a judgment entered in favor of defendant following a trial to the court. We reverse.
The plaintiffs are two brothers who have been in the business of building and selling homes in the counties of Denver, Adams, Arapahoe, Boulder and Jefferson since 1950. In 1969 the plaintiffs built and sold approximately 315 homes in the Denver metropolitan area. By 1971 Wood Bros. Homes, Inc. had become one of Denver's largest home builders, in terms of sales volume, selling between 1500 and 1600 homes in that year. The parties stipulated during the trial that plaintiffs have used the name "Wood Bros. Homes" in marketing all of their housing in the Denver area since 1963.
The defendant began using the name "Wood's Homes, Inc." in 1969. The defendant corporation built and sold only three homes in the Denver metropolitan area. The defendant's president testified that the corporation is now dormant but plans to build and sell homes again when enough capital can be acquired. The plaintiffs' testimony established that, on at least one occasion, mail intended for the defendant concerning one of defendant's homes was mistakenly addressed and sent to the plaintiffs by a mortgage banker.
The trial court found, despite the stipulation of the parties, that plaintiffs did not start using the name "Wood Bros. Homes" until 1965 and that there was no confusion in the minds of the public between Wood Bros. Homes and Wood's Homes, Inc. It concluded that plaintiffs had failed to establish a secondary meaning in connection with the name Wood Bros. Homes, or the right to the exclusive use of that name. The court then held that the name "Wood's Homes, Inc." was not deceptively similar to the name "Wood Bros. Homes" and that a person may use his family name in the conduct of his business as a corporation unless that person is fradulently misleading the public.
In an action to obtain an injunction on the ground of unfair competition in respect to a trade name the plaintiff must establish that plaintiff's name has acquired a secondary meaning and that the defendant has unfairly used the name or a simulation of it against the plaintiff. Swart v. Mid-Continent Refrigerator Co., 145 Colo. 600, 360 P.2d 440. A secondary meaning is acquired where by prior and continuous use of a name for a long period of time the public mind identifies the user of the name with the particular service or goods furnished by him, and thereby identifies the product by the name. See Charles J. Donnelly, Inc. v. Donnelly Bros., Inc., 96 R.I. 255, 191 A.2d 143; 1 H. Nims, Unfair Competition and Trademarks § 72 (4th ed.)
Further, in determining whether the use of the same or a similar name is unfair, "The test to be applied in such cases, and the controlling one, is whether or not the later selection of such name is likely to deceive the ordinary customer, or lead him to believe that in dealing with the later, he is actually transacting business with the former, trader." Colorado National Co., v. Colorado National Bank, 95 Colo. 386, 36 P.2d 454.
Where these two elements are proven, an injunction against the unfair use should issue. And, as was stated in Driverless Car Co. v. Glessner-Thornberry Driverless Car Co., 83 Colo. 262, 264 P. 653, "Fraudulent intent need not be shown . . . where the necessary or probable effect or tendency of a defendant's conduct is to deceive the public and pass off his goods or business as and for that of the plaintiff, especially where the preventive relief sought is against continuance *1215 of such conduct." Nor is it necessary for the plaintiff to prove present damage, since the purpose of the action is to prevent the damage which would arise if defendant becomes established under the deceptive name. Colorado National Co., supra.
In the present case the record discloses that "Wood Bros. Homes" and "Wood Bros. Homes, Inc." had acquired a secondary meaning. The parties stipulated that plaintiffs had used the names in marketing their product in the Denver metropolitan area for over six years prior to the bringing of the action and had widely advertised the names and the product through newspapers, radio, television and other media during that time. Also it was undisputed that plaintiffs had grown, during those six years, into one of the largest builders and sellers of homes in the area.
The fact that defendant's name was deceptive was demonstrated by undisputed evidence that a mortgage company which was making a loan on one of defendant's three houses thought it was dealing with plaintiffs and sent the loan forms to plaintiffs. Considering the limited activity of defendant, this uncontroverted proof established the high probability or likelihood of confusion. This is all that plaintiffs were required to establish. Cook Chemical Co. v. Cook Paint and Varnish Co., 8th Cir., 185 F.2d 365.
The undisputed and stipulated facts establish that under this rule plaintiffs are entitled to an injunction against defendant restraining it from the use of the name, "Wood's Homes, Inc." in the areas in which plaintiffs had established their business. However, here there is an additional factor to be considered, namely the right of a person to use his own name in business except where there is a showing of fraud or deceit. In its judgment and decree, the trial court held that since "Wood's Homes, Inc." used the family name of its president, John W. Wood, such use was proper, there being no showing of fraud.
The trial court relied on DaPron v. Russell, 87 Colo. 394, 288 P. 178, which holds that, "the almost universal rule is that a natural person cannot be restrained from the use of his own name honestly in the conduct of his own business, although his name and the business are identical with that of another previously engaged in the same locality." However, that case is not pertinent here because it was limited to the use of a family name by a natural person instead of by a corporation.
Although no Colorado Supreme Court case has decided the issue, the law in other jurisdictions appears to be well settled that the right of an individual to use his own name in business does not extend to the use of a family name by a corporation. See, e. g., Charles J. Donnelly, Inc. v. Donnelly Bros., Inc., supra. In Westphal v. Westphal's World's Best Corporation, 216 App.Div. 53, 215 N.Y.S. 4, affd., 243 N.Y. 639, 154 N.E. 638, the court stated, "The law is well settled that, even in cases where family names are involved, a person may not give his name to a corporation and thereby take from another concern its good will and rights which it has acquired by the use of such name."
This issue was presented in Everest & Jennings, Inc. v. E & J Manufacturing Co., 9th Cir., 263 F.2d 254, which held:
"Whatever rights a person may have to use his own name are not relevant here. Everest & Jennings, Inc. is an arbitrary name selected as the name of a corporation and . . . is not entitled to the same equitable considerations as an individual using his own name. When the use of a corporate name, even if done honestly, will and does lead to confusion as to the source of such corporation's goods with those of a prior user whose mark has acquired a secondary meaning, there has been no hesitation by the courts in requiring the second user to take reasonable precautions to prevent the confusion."
The Colorado court has consistently recognized and followed a policy of protecting *1216 established trade names and preventing public confusion and the tendency has been to widen the scope of that protection. See Colorado National Co. v. Colorado National Bank, supra.
The test in Colorado is whether the public is likely to be deceived. See Swart v. Mid-Continent Refrigerator Co., supra. This standard is also controlling in determining the issue of whether a corporation may be enjoined from using a family surname which would tend to create confusion with the name of another corporation already doing business in the same field.
Accordingly we hold that in the present case the use by the corporation of its president's family name is without significance, and the general law, as hereinabove set forth, applies. Plaintiffs are entitled to an injunction as prayed for in the complaint, limited however to the counties therein specified, namely: Denver, Jefferson, Adams, Arapahoe and Boulder.
The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.
COYTE and SMITH, JJ., concur.