595 P.2d 259 (1978)
UNITED STATES BANK OF GRAND JUNCTION, Plaintiff-Appellee,
v.
MESA UNITED BANK OF GRAND JUNCTION NATIONAL ASSOCIATION, Defendant-Appellant.
No. 78-140.
Colorado Court of Appeals, Division 2.
December 7, 1978.
Rehearing Denied January 11, 1979.
Certiorari Denied May 14, 1979.
*260 Williams, Turner & Holmes, Anthony W. Williams, Grand Junction, for plaintiff-appellee.
Golden, Mumby & Summers, Keith G. Mumby, Grand Junction, Holme, Roberts & Owen, Donald K. Bain, Jeffrey A. Chase, Denver, for defendant-appellant.
ENOCH, Judge.
Plaintiff, United States Bank of Grand Junction, brought this action to enjoin defendant's use of the name United Bank of Grand Junction on the ground that defendant's name was deceptively similar to plaintiff's and that continued use of defendant's name constituted unlawful adoption of a trade name. The trial court entered judgment for plaintiff, and defendant appeals. We affirm.
Plaintiff is a commercial bank that was established in 1925 under the name United States Bank of Grand Junction. The bank was purchased in 1974 by the First National Bancorporation, and although it adopted the logo common to all banks owned by the corporation, the bank retained the name it had used since its establishment some fifty years earlier. Defendant, also a commercial bank and plaintiff's competitor, was *261 established in 1964 under the name Mesa National Bank. When defendant was acquired by United Banks of Colorado, Inc. in 1970, it began using the name Mesa United Bank of Grand Junction. The dispute in this action concerns defendant's omitting the word "Mesa" and using the name United Bank of Grand Junction on all its banking papers and in regional and national listings of banking institutions. Defendant has also applied to the Comptroller of Currency to change its name officially to United Bank of Grand Junction.
At trial plaintiff presented evidence that its name, United States Bank of Grand Junction, had acquired a secondary meaning in the community and that since the time defendant began using the name United Bank of Grand Junction, there were instances of customers' confusion and misdirection of mail and business. The trial court specifically found that plaintiff's trade name had a secondary meaning and that defendant's continued use of the name United Bank of Grand Junction was likely to deceive the general public and individual members of the public.
Defendant first argues that the evidence was insufficient to show plaintiff's trade name had acquired a secondary meaning, that no unfairness resulted from use of defendant's name, and that therefore the trial court erred in finding that its use of the name United Bank of Grand Junction constitutes an unfair use of plaintiff's trade name. We disagree.
Unfair competition by use of trade names is largely a question of fact, and the findings of the trier of fact cannot be disturbed on appeal unless they are shown to be clearly erroneous. Swart v. Mid-Continent Refrigerator Co., 145 Colo. 600, 360 P.2d 440 (1961); Drexel Enterprises, Inc. v. Richardson, 312 F.2d 525 (10th Cir. 1962); Wyoming National Bank v. Security Bank & Trust Co., Wyo., 572 P.2d 1120 (1977). Unfair appropriation of a trade name is proved when the plaintiff shows that its name has acquired a secondary meaning and that defendant has unfairly used the name against plaintiff. Swart v. Mid-Continent Refrigerator Co., supra.
A name has acquired a secondary meaning if it is shown that "[b]y prior and continuous use of a name for a long period of time the public mind identifies the user of the name with the particular service or goods furnished by him, and thereby identifies the product by the name." Wood v. Wood's Homes, Inc., 33 Colo.App. 285, 519 P.2d 1212 (1974). Factors to be considered in ascertaining whether a secondary meaning has been established include the length of time the trade name has been in use, the amount of advertising expended on promotion of the name, and the growth of the business to which the trade name refers. Wood v. Wood's Homes, Inc., supra. Here, the court found that plaintiff had used its trade name for more than fifty years and had made large expenditures to advertise its name and services, that plaintiff's business had grown in those years, and that customers identified plaintiff's name with its services.
Contrary to defendant's argument, the word "United" should not be isolated to determine whether by itself it has acquired a secondary meaning in connection with plaintiff's business. Instead, a secondary meaning arises by continued use of the entire name of a business resulting in an association in the mind of the public with particular goods or services. Wood v. Wood's Homes, Inc., supra; Wyoming National Bank v. Security Bank & Trust Co., supra. See also Radio Station KTLN Inc. v. Steffen, 140 Colo. 596, 346 P.2d 307 (1959). The trial court therefore did not err in considering the entire name to determine if it had acquired a secondary meaning.
Defendant argues that plaintiff's name lost its secondary meaning because plaintiff is often colloquially referred to as U.S. Bank and plaintiff has redesigned its sign to read "U.S. Bank." We disagree.
Use of more than one name will not affect a finding of secondary meaning so long as the business continues to use and emphasize the name it asserts has acquired a secondary meaning. See generally Standard Oil Co. v. Standard Oil Co., 252 F.2d 65 (10th Cir. 1958); Drexel Enterprises, Inc. v. *262 Richardson, supra. Cf. American Furniture Co. v. American Furniture Co., 128 Colo. 160, 261 P.2d 163 (1953) (name not shown to be a valuable asset because plaintiffs had officially changed it several times.) Thus the trial court did not err in finding that plaintiff's trade name has a secondary meaning even though plaintiff also used an abbreviation of that name.
Defendant also contends that there is insufficient evidence of customer confusion to warrant a finding of unfairness. Again, we disagree.
Courts have been diligent in widening the scope of protection afforded to the owner of a trade name against unfair competition, confusion in the public's mind, and false or misleading claims. Radio Station KTLN, Inc. v. Steffen, supra. "`The universal test is whether the public is likely to be deceived.'" Swart v. Mid-Continent Refrigerator Co., supra. Thus the evidence should not be limited to confusion of customers but may include evidence of confusion by the public at large. By the same token, a stricter standard of care as proposed by defendant should not be applied to banks merely on the assumption that bank customers should exercise a greater degree of care in dealing with banks.
There is sufficient evidence in the record to support the trial court's finding that actual confusion has arisen as a result of the similarity between the names. Testimony showed that businesses and other banks misdirected mail, intended for plaintiff, that customers have had difficulty distinguishing between the trade names of the businesses, and that there was "no problem" before defendant began to use the name United Bank of Grand Junction. Thus there is sufficient evidence to support the court's finding of confusion and errors resulting in unfair competition.
We find no merit in defendant's final argument that the trial court abused its discretion in granting injunctive relief. Where plaintiff shows that its trade name has acquired a secondary meaning and that defendant has unfairly used the name against plaintiff, an injunction against the unfair use should issue. Neither fraudulent intent nor present damage need be proved. Wood v. Wood's Homes, Inc., supra. Thus the trial court's order enjoining defendant's use of the name "United Bank of Grand Junction" was proper.
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.