CHIEF JUSTICE HODGES
delivered the opinion of the Court.
The issue before the court is whether the Denver Urban Renewal Authority (DURA) is a “state agency or authority,” and therefore subject to the Colorado Open Meetings Law. Section 24-6-402, C.R.S. 1973. We granted certiorari to review the decision of the Colorado Court of Appeals in James v. Board of Commissioners, 42 Colo. App. 27, 595 P.2d 262 (1978), which held that DURA was neither a state agency nor a state authority. We affirm.
The petitioners are members of an association of citizens who own property in an area proposed for purchase and development by DURA. They were denied access to DURA meetings and therefore sought injunc-tive relief in the trial court to require DURA to comply with the Open Meetings Law. The trial court, finding DURA to be both a state agency and a state authority, granted the relief sought.
The Open Meetings Law, which was initiated by vote of the people at the General Election in 1972, fails to define the scope of the term “state agency or authority.” It is conceded that this law was modeled after the “Florida Government and Sunshine Law,” which applies to “any state agency or authority or . . . any agency or authority of any county, municipal corporation or any political subdivision.” Fla. Stat. §286.011 (1975). Our statute, on the other hand, only applies to “any state agency or authority.” Section 24-6-402, C.R.S. 1973. Therefore, it appears obvious that the drafters intended a more narrow application of the Open Meetings Law in this state.
It is the petitioner’s primary position that DURA is a state agency or authority because its existence was provided for by the General Assembly. While DURA was organized pursuant to the state Urban Renewal Law, section 31-25-101 et seq., C.R.S. 1973, it was statutorily defined as a “body corporate and politic” established to carry out urban renewal projects for a municipality. Section 31-25-104(1)(b), C.R.S. 1973. Nowhere in the statute is an urban renewal authority described as a “state agency or authority.”
The mere enactment of legislation which permits the formation of a commission, board, agency, or authority does not per se make that body a state agency or authority. If this were the case, it would lead to the conclusion that school district boards (section 22-32-101 et seq., C.R.S. 1973) are state agencies or authorities, having been authorized by state legislation. Such a proposition was specifically rejected by this court in Bagby v. School District No. 1, 186 Colo. 428, 528 P.2d 1299 (1974). We held that school boards were merely “political subdivisions of the state” and therefore not subject to the Open Meetings Law. Id. 528 P.2d *30 at 1302.
We hold that DURA is not a “state agency or authority” under the Open Meetings Law.
Judgment affirmed.