GREGG HOMES, INC., a Colorado corporation, d/b/a Gregg Construction, Inc.; Gregg Corporation, Inc.; Gregg Design Construction, Inc.; Gregg Design–Custom Builders, Inc., d/b/a Gregg Design, Inc.; and Gregg Design Builders, Inc., Plaintiffs–Appellants,

v.

GREGG & CO. BUILDERS, INC., a Colorado corporation, Defendant–Appellee.

No. 97CA1002.

Colorado Court of Appeals, Div. I.

Oct. 15, 1998.

Rehearing Denied Nov. 13, 1998.

Certiorari Denied June 1, 1999.

Brown, Berardini & Dunning, P.C., Brian J. Berardini, Denver, for Plaintiffs–Appellants.

Nathan, Bremer, Dumm & Myers, P.C., J.J. Fraser, III, Mark E. Macy, Denver, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this unfair competition action, plaintiffs, Gregg Homes, Inc., and Gregg Design Custom Builders, Inc., appeal the judgment entered by the trial court denying their request for a permanent injunction prohibiting defendant, Gregg & Co., Builders, Inc., from using the "Gregg" name in its business. We affirm.

Plaintiff, Gregg Homes was incorporated in 1976 as a custom home builder. Shortly thereafter, it filed a series of certificates of assumed names, including the names Gregg Construction, Inc., Gregg Corporation, Inc., and Gregg Design Construction, Inc.

In 1995, the principals of Gregg Homes formed Gregg Design Custom Builders, Inc., in order to present a more upscale image in the custom home building market. Thereafter, certificates of assumed names were filed for this second corporation, including the names Gregg Design, Inc., and Gregg Design Builders, Inc. Both Gregg Homes and Gregg Design Custom Builders, Inc., construct custom homes primarily in the Denver metropolitan area.

Defendant builds custom homes in the mountain areas west of Denver. Although it was formed in 1983, it did not become a custom home builder until the early 1990s.

In 1996, defendant participated in the Parade of Homes, an annual event showcasing custom homes. That year, the event was held in Evergreen, an area in which defen-

dant builds homes. Gregg Homes had participated in the event the previous year.

During the 1996 Parade of Homes, as well as right before and shortly after that show event, plaintiffs received phone calls intended for defendant. During that period, other incidents of name confusion also occurred, most of which related to defendant's participation in the Parade of Homes.

Shortly after the 1996 Parade of Homes, plaintiffs filed this action to enjoin defendant from using the "Gregg" name. Following a bench trial, the court found that the parties' names were similar and that some confusion had occurred in the past, but the court concluded that plaintiffs were not entitled to injunctive relief because the confusion had been temporary and was not likely to reoccur in the future. This appeal followed.

## I.

Gregg Homes contends that it established all the elements necessary for its claim of unfair competition and that the trial court therefore erred in denying injunctive relief. We disagree.

In order to obtain an injunction on the basis of unfair competition with respect to a similar trade name, a plaintiff must show that its name has acquired a secondary meaning and that the defendant has unfairly used the name, or a simulation of it, against the plaintiff. The use of the same or a similar name is unfair if the public is likely to be deceived by its use. *Swart v. Mid–Continent Refrigerator Co.,* 145 Colo. 600, 360 P.2d 440 (1961); *Wood v. Wood's Homes, Inc.,* 33 Colo.App. 285, 519 P.2d 1212 (1974).

Whether the elements of a claim alleging unfair competition have been met is a question of fact, and the findings of the trier of fact will not be disturbed on review unless clearly erroneous. *United States Bank of Grand Junction v. Mesa United Bank,* 41 Colo.App. 552, 595 P.2d 259 (1978).

Here, the trial court concluded that the plaintiffs' names had attained a secondary meaning. That conclusion is not at issue here. Thus, the only dispute on appeal concerns the element of unfair use.

Plaintiffs argue that the unfair use element was established based on the evi-

dence that confusion between the parties' names had occurred in the past. However, the "universal test" for unfair use is whether the public is likely to be deceived. *Swart v. Mid–Continent Refrigerator Co., supra.* That some confusion between the parties' names has occurred in the past does not mandate a conclusion that such confusion will continue or that the public is likely to be deceived in the future by use of the similar name. *See Madison Reprographics, Inc. v. Cook's Reprographics, Inc.,* 203 Wis.2d 226, 552 N.W.2d 440 (1996).

■ Here, the court found that the confusion that had occurred was temporary and arose out of defendant's participation in the 1996 Parade of Homes, an event in which plaintiff Gregg Homes had participated the previous year. No confusion between the parties' identities had previously occurred, and the confusion that arose in connection with the Parade of Homes had almost completely abated by the time of trial. The court also stressed that the public was not likely to be deceived in the future because the parties do not compete in the same geographic areas.

Nevertheless, plaintiffs argue that the trial court's finding of a mere temporary confusion was "legally and factually deficient." Given that the test for unfair use is whether the public is likely to be deceived in the future, it was appropriate for the trial court to take into account the temporary nature of the confusion that had occurred in the past and to conclude, under the evidence presented, that such confusion was unlikely to occur in the future.

Because the court's findings of fact find record support and are not clearly erroneous, we may not disturb them on review. *See United States Bank of Grand Junction v. Mesa United Bank, supra.*

We also reject plaintiffs' assertion that the trial court improperly required them to prove as an element of unfair use that defendant had received an unfair benefit from the use of the "Gregg" name. In concluding that any confusion between the parties was unlikely to continue in the future, the court did point out that defendant had not unfairly benefited from use of the "Gregg" name. However, our reading of the findings reveals that the court recognized that the determinative test is whether the public is likely to be deceived or misled. *See Swart v. Mid–Continent Refrigerator Co., supra; Wood v. Wood's Homes, Inc., supra.* We do not view the court's remarks here as indicating that it was also requiring plaintiffs to show actual wrongful conduct or an unfair benefit on the part of defendant. Accordingly, we perceive no error here.

## II.

■ Next, plaintiffs contend that they were entitled to injunctive relief on the basis of §7–104–101(2), C.R.S.1998. Again, we disagree.

Section 7–104–101(2)(a) provides, in pertinent part, that a corporate name "shall not be the same as or deceptively similar to" that of another corporation.

Plaintiffs argue that under this provision a claimant need not establish the elements related to a common law claim of unfair competition based on similar trade names. They urge that, by reason of the statute, they were only required to prove that the parties' names were "deceptively similar," and did not have to prove either that the name had acquired secondary meaning or that the public is, in fact, likely to be confused.

First, we find no basis in either the statute or its legislative history to support a conclusion that the General Assembly intended §7–104–101(2)(a) to alter or abrogate the common law elements of an unfair competition claim.

In addition, we note that our supreme court has previously held that a predecessor to §7–104–101(2)(a), which also prohibited the use of deceptively similar corporate names, did not alter the common law elements of a claim for unfair competition based on the use of similar trade names. *Driverless Car Co. v. Glessner–Thornberry Driverless Car Co.,* 83 Colo. 262, 264 P. 653 (1928). Accordingly, we reject plaintiffs' contention.

The judgment is affirmed.

METZGER and JONES, JJ., concur.